WILLIAM H. BUNKER v. GEORGE PAQUETTE.

*Homestead Exemption.*

The Michigan statute (Comp. L., §§ 6137, 6142, 6145) brings within the homestead exemption houses that stand on land not owned by the person claiming the exemption. *Held* that the removal of such a house by its owner to another site does not subject it to seizure and sale on execution while in transit.

Unless one abandons his homestead right in a house, he does not lose it by living temporarily in a rented house, especially if he has left part of his furniture in it. So *held* where the owner was absent on business for two years, and kept his family with him.

The duration of a man's absence from his own house does not of itself supply a conclusive presumption that he has abandoned it as a homestead.

Error to Cheboygan. Submitted April 18. Decided June 19.

REPLEVIN for a house seized on execution by Paquette as sheriff, while Bunker, its owner, was removing it from the lot on which it had been standing to another lot for which he had traded the former. Bunker brought replevin on the ground that the house was exempt from execution as his homestead. But being in business elsewhere he had kept his family with him for the two years preceding the levy, leaving his house during that time with nothing in it but some of his furniture, always claiming it as his homestead, however, and intending to return and live in it. The case was tried without a jury on stipulated facts, and the judge found that the plaintiff was not entitled to the exemption claimed, and gave judgment for the defendant. Plaintiff brought error.

*James J. Brown* (on brief) for plaintiff in error. Removal with intent to return does not amount to abandonment. *Campbell v. Adair*, 45 Miss., 170; *Wiggins v. Chance*, 54 Ill., 175.

*Watts S. Humphrey* (on brief) for defendant in error. Ownership and occupation must concur to exempt a homestead from execution.    *Wisner v. Farnham,* 2 Mich., 472; *Reinbach v. Walter,* 27 Ill., 393.    A homestead exemption cannot be claimed in a house apart from the land, *Friedlander v. Mahoney,* 31 Iowa, 311; *Brown v. Keller,* 32 Ill., 152; *Homestead cases,* 31 Tex., 684; the homestead must be one in fact.    *Coolidge v. Wells,* 20 Mich., 79.

MARSTON, J.    The finding of facts in this case was in accordance with the stipulation of counsel.    The homestead and exemption laws of this State have thus far always received a broad and liberal construction, in order to carry out the evident intent of the Legislature.    Our statute defines the homestead and exempts it from a forced sale upon execution.    It also exempts as a homestead a house, although the land upon which it is situate may not be owned by the person claiming the exemption, and in certain cases fifteen hundred dollars of the proceeds of the homestead is exempted for one year after a sale thereof upon execution. 2 Comp. Laws, §§ 6137, 6142 and 6145.

In *Barber v. Roraback et al.,* 36 Mich., 399, we held that a tract of land with the dwelling house thereon constituting a homestead, and not within a recorded town plat, city or village, but which was afterwards brought within the corporate limits of a village by an extension of its boundaries, was not affected thereby, and that the entire tract was protected.

Within the principles of this case and others heretofore decided by this court, a house which is exempt as a part of a homestead, may, by the owner thereof, be removed to another lot or parcel of land, and that it would not be subject to seizure or sale upon execution while in transit.    We think this view is more in accord with the letter and spirit of our statute, and the creditor is in no way injured by the construction.

Personal property exempt from seizure and sale under an execution has been held to be beyond the reach of the creditor, while in transit, even although the debtor was in

the act of removing it out of the state. *Woodward·v. Murray,* 18 Johns., 400.

The fact that Bunker had temporarily gone away from this house, leaving a part of his furniture therein, and had been living in a rented house at some distance therefrom for a period of some two years previous to the levy, would not render it subject to be sold upon execution, unless it farther appeared that he had abandoned it as his homestead. Temporary absence therefrom would not destroy the owner's homestead rights therein. Neither in the stipulation nor in the facts as found by the court, does it appear that Bunker's absence was any thing more than temporary, nor can any other conclusion be arrived at from the facts found. If the intention of the party as gathered from all the facts and circumstances is to govern, as we think it should, then the length of time the party is absent, although a circumstance to be taken into consideration, yet standing alone, cannot be considered as conclusive. If time alone was to be the guide it would be very difficult to draw the line, which should stand as an unerring guide in all cases. *Griffin v. Sutherland,* 14 Barb., 456.

The judgment must be reversed, with costs, and a judgment should be rendered in favor of the plaintiff upon the stipulated facts in accordance with this opinion.

The other Justices concurred.