NELLIE J. MYERS v. CHARLES V. WEAVER AND WILLIAM S. DOWNEY.

| 101 | 477 |
| 111 | 182 |
| 101 | 477 |
| 126 | 710 |
| 101 | 477 |
| s59nw | 810 |
| e132 | 95 |

*Homestead—Exemption—Intended use.*

A married woman sold her homestead, which was mortgaged, for the purpose of relieving herself of the incumbrance, and with the intention of purchasing an adjoining unimproved lot, and building and occupying a house thereon. She purchased the lot, and, before the same was levied upon at the suit of a judgment creditor of herself and husband, the location of the house had been staked out, the stone drawn upon the lot for use in constructing a cellar, which a party had been engaged to excavate, and negotiations had been had with a builder in relation to the construction of the house. And it is held that the lot was held for use as a homestead at the time of the levy, and was therefore exempt from levy and sale on execution.[1]

Appeal from Kalamazoo. (Buck, J.) Submitted on briefs June 28, 1894. Decided July 10, 1894.

Bill to remove a cloud from title. Complainant appeals.

[1] For cases bearing upon the question of the exemption from execution of unoccupied land because of its intended occupancy by the owner as a homestead, see *Kaeding v. Joachimsthal*, 98 Mich. 78, and note, page 80.

Decree reversed, and one entered in this Court in favor of complainant  The facts are stated in the opinion.

*Volney H. Lockwood,* for complainant.

*A. D. Harris* (*A. S. Frost,* of counsel), for defendants.

McGRATH, C. J.    Complainant, in July, 1892, sold to one Mrs. Tittle a house and lot which had been occupied as a homestead, and bought an adjoining lot, the title to which was also placed in complainant.    A suit was commenced against complainant and her husband in November, 1892, upon a promissory note, given in July, 1891, for a debt of the husband, resulting in a judgment by default in December, 1892.    A levy was made upon complainant's lot.    This bill is filed to remove the cloud, and alleges that the lot levied upon was bought for use as a homestead.    The lot was not built upon at the time of the levy, and the sole question is whether it was bought and held for that purpose.

It appears that complainant's husband, John Myers, had in 1889 conveyed to defendant Weaver a certain other lot, and some time afterwards Weaver claimed that Myers had, at the time of the conveyance, misrepresented the amount of a mortgage subject to which the conveyance was made. Myers insisted that there was no misrepresentation, but that the amount of the mortgage was correctly given, and that he had agreed at the time of the conveyance to reduce it by payment.    In July, 1891, Myers and complainant joined in a note to Weaver for the difference, and assigned to him as collateral a certain mortgage, which was held by complainant and her husband against a farm which they had owned, and sold in November, 1888.    The mortgage so assigned was subject to other mortgages, and, at the time of the assignment, a prior mortgage was in process of foreclosure.    The farm was subsequently sold in

that proceeding, and brought less than the amount of the prior mortgage. The written opinion of the trial court appears in defendants' brief, from which it is clear that the circumstances connected with the sale of the lot to Weaver, and the subsequent assignment of the mortgaged security, were relied upon as affecting the credit given to the testimony of the complainant and her husband.

We do not find in the record any reason for discrediting complainant's testimony. It is conceded that the lot sold to Mrs. Tittle was the homestead. The title to the lot sold to Weaver was in John Myers. Complainant is not connected with any misrepresentations made respecting the mortgage, and it does not appear that she knew anything about the amount thereof. She received no part of the proceeds of that sale, nor is she connected with any representations made concerning the mortgage that was assigned as collateral to the note sued upon.

It appears that the house and lot sold to Mrs. Tittle was incumbered for $900; that the purpose of the sale was to obtain relief from that incumbrance, and get a cheaper home; that the intention was to build and occupy a house upon the lot in question; that, before the suit upon the note was brought, the location of the house had been staked out, stone had been drawn upon the lot for use in construction of the cellar, a party had been engaged to excavate, and negotiations had been had with a builder relative to the construction of the house, and there is evidence that the contract had been actually prepared. Respecting these matters, complainant's testimony is corroborated by witnesses other than the husband. A real-estate agent testified that he was told by Myers at one time that they desired to sell the lot, but the same witness testifies that Myers told him at the same time "that he was at work at the paper mill; that it was going to be a good ways for him to go over there, and he made

up his mind he would sell it, and buy over there, or build, or something of that kind." The attorney who had the note in his hands for collection says that, a short time before the suit was brought, he saw complainant, and had a conversation with her respecting the payment of the note, in which he asked her how she came to buy the lot, and she replied that she bought it for speculation; that he then asked her what she was going to do with it, and she replied that, if she got a chance, she would sell it; "and I even went so far as to ask her if she was going to build upon it, and she said she was not." Complainant denies that she made these statements. The clear weight of testimony is, however, in favor of complainant. The testimony of several witnesses, other than the parties in interest, as to things actually done upon the lot some time before the commencement of the suit, tends strongly to corroborate the complainant's contention that the lot was held for use as a homestead.

The decree below is therefore reversed, and a decree entered here for complainant.

The other Justices concurred.