BURKHARDT *v.* JAMES WALKER & SON.

1. HOMESTEAD—REMOVAL OF CLOUD BY WIFE.
   A wife may maintain a bill in equity to set aside a levy on and sale of her husband's homestead on execution.

2. SAME—ABANDONMENT.
   A temporary removal from a homestead, with the intention of a speedy return, does not constitute an abandonment.

3. SAME.
   A conveyance of a homestead by a husband and wife to a third person, who at once conveys to the wife, being for the purpose of placing the title in the wife, does not constitute an abandonment.

4. SAME—SALE OF FEE ON EXECUTION.
   The fee in land occupied as a homestead cannot be sold on an execution against the owner.

Appeal from Macomb; Tucker, J. Submitted December 5, 1902. (Docket No. 148.) Decided December 29, 1902.

Bill by Minnie Burkhardt against James Walker & Son, a corporation, to set aside an execution levy and sale. From a decree for complainant, defendant appeals. Affirmed.

*Byron R. Erskine*, for complainant.

*William S. Jenney*, for defendant.

CARPENTER, J.   This is a suit in chancery to set aside an execution levy on, and sale thereunder of, a house and lot in Mt. Clemens.   The execution issued upon a judgment in favor of defendant, and against complainant's husband.   At the time of the levy the property in question was occupied as a homestead by complainant and her husband.   The title stood in his name, and it was worth less than $1,500.   Subsequently, and before the sale under the levy, complainant's husband absconded, leaving complainant in a destitute condition.   To procure means for her and her child's support, complainant (with the intention of speedily returning, and with no intention of waiving her homestead rights) rented the premises in controversy from month to month, reserving only the use of a back room for the purpose of storing her furniture.   A couple of months later, and three days before defendant commenced to advertise for the sale under its execution, complainant and her husband conveyed the property in question to one W. J. Dusse, who at once reconveyed the same to complainant.   The court below gave complainant a decree.   Defendant appeals, claiming that the decree should be reversed, because:

1. Complainant has no right to resort to equity for redress.

2. By moving from and renting the property, and uniting with her husband in the conveyance to Dusse, complainant lost her homestead interest.

3. The levy and sale should be allowed to stand, subject to the homestead rights of complainant.

In answer to defendant's first claim, it is sufficient to

refer to *Lozo* v. *Sutherland*, 38 Mich. 168, *Myers* v. *Weaver*, 101 Mich. 477 (59 N. W. 810), and *Hitchcock* v. *Misner*, 111 Mich. 180 (69 N. W. 226), which hold that equity has jurisdiction to remove a levy upon and execution sale of a homestead, and *Armitage* v. *Toll*, 64 Mich. 412 (31 N. W. 408), which holds that "it is as much the right of the wife, either at law or in equity, to protect the homestead rights of herself and family, as it is that of the husband."

It is a sufficient answer to defendant's second claim to say that a temporary removal, with the intention of a speedy return, does not constitute an abandonment (*Bunker* v. *Paquette*, 37 Mich. 79; *Kaeding* v. *Joachimsthal*, 98 Mich. 78 [56 N. W. 1101]; *Hitchcock* v. *Misner*, 111 Mich. 180 [69 N. W. 226]), and that the conveyance to Dusse was for the purpose of placing the title in complainant.

In support of the third claim for reversal, defendant says:

"The complainant's homestead right, by virtue of being the wife of the execution defendant, was simply a contingent right of occupancy, not an interest in the fee.   *   *   * The fee of the execution defendant, subject to the homestead rights of the wife,   *   *   *   and other incumbrances, can be sold on execution.   *   *   *   *Showers* v. *Robinson*, 43 Mich. 502 (5 N. W. 988); *Drake* v. *Kinsell*, 38 Mich. 232."

The most that can be claimed for these cases is that they establish the proposition that an administrator's sale, under an order of the probate court, of the homestead of the family of his intestate, subject to their homestead rights, is valid, if the order authorizing such sale is not appealed from.   The case at bar is not ruled by these authorities, but it is ruled by *Lozo* v. *Sutherland, Myers* v. *Weaver*, and *Hitchcock* v. *Misner*, above cited, which hold, in effect, that while property is a homestead there is no interest which can be taken and sold under an execution against the owner.

It follows that the decree of the court below must be affirmed, with costs.

The other Justices concurred.