(85 South. 23)

### MOWER v. SHARIT. (6 Div. 992.)

·(Supreme Court of Alabama. Jan. 15, 1920.
Rehearing Denied Feb. 5, 1920.)

**1. Deeds ⬅53 — Whether defendant signed and acknowledged the deed involved held for jury.**

Where defendant denied having signed and acknowledged the deed on which plaintiff relied, and testimony of his witnesses indicated that he was so intoxicated at the time that he did not know what he was doing, the question was, under the evidence, for the jury.

**2. Homestead ⬅162(1)—The owner and occupant of a homestead may abandon it.**

The owner and occupant of a homestead may abandon it, in such sense as to destroy its homestead character, by ceasing to occupy it as such without any definite intention to return.

**3. Homestead ⬅162(1), 181(3) — A temporary absence is not abandonment, nor conclusive evidence of intention to abandon.**

A temporary absence from a homestead with intention to return is not an abandonment, no other homestead being acquired in the meantime; and the duration of such absence, though relevant to the question of intention, is not conclusive.

**4. Homestead ⬅181½—Intent as to abandonment held for jury.**

Whether defendant intended to abandon his homestead *held*, under the evidence, for the jury.

**5. Homestead ⬅181(3)—Offer to sell not evidence of intention to abandon.**

An offer to sell one's homestead, not then in actual occupation as such, is a fact to be considered, but it is not conclusive evidence of intention to abandon.

**6. Homestead ⬅167—Invalid conveyance with delivery of possession constitutes abandonment.**

The execution of a deed to homestead without conformity to legal requirements, if followed by delivery of possession to the purchaser, would be an abandonment, but the execution of a deed invalid without a previous abandonment is not itself a conclusive act of abandonment, unless accompanied by surrender of possession to the purchaser.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Ejectment by Calvin R. Mower against R. G. Sharit. Judgment for defendant, and plaintiff appeals. Affirmed.

The facts sufficiently appear from the opinion of the court.

Smith & McCary, of Birmingham, for appellant. Under the evidence in this case, the land had lost its character as a homestead at the time the deed was executed. 39 Ill. 83; 71 N. W. 183; 3 Tex. Civ. App. 200, 22 S. W. 69; 30 Fla. 350, 11 South. 542; 124 Ala. 296, 27 South. 302.

Harsh, Harsh & Harsh, of Birmingham, for appellee. The facts did not show an abandonment of the homestead. 110 Ala. 406, 18 South. 315, 55 Am. St. Rep. 29; 91 Ala. 357, 8 South. 546; 83 Ala. 123, 3 South. 545; 106 Ala. 448, 17 South. 623; 201 Ala. 215, 77 South. 743.

SOMERVILLE, J. [1] Plaintiff sues in ejectment to recover certain lands, less in area than 80 acres and less in value than $2,000, to which he claims title through a deed purporting to have been executed and acknowledged by defendant on September 28, 1906. Defendant denies that he ever signed, acknowledged, or delivered the deed in question, and the testimony of his witnesses tends to show that he was so intoxicated on the date of its alleged execution that he did not know or understand the nature of the act even if he did so. That issue was therefore one of fact to be determined by the jury.

The tract sued for was, prior to 1903, the homestead of defendant and his family, including his wife and minor children. His wife did not execute the deed upon which plaintiff's claim is founded, and a vital and decisive question in the case is whether, under the evidence, the land had lost its homestead character by its abandonment as such prior to and at the time of plaintiff's alleged execution of the deed.

The undisputed facts bearing upon this question are as follows: About the year 1903 defendant's wife abandoned him and went to North Alabama, where she thereafter resided. Thereupon defendant moved with his family to the home of his father-in-law, which was on a tract adjoining, for the purpose of taking care of his children, and annually cultivated six or seven acres of his own place. He was never absent therefrom more than two or three weeks at a time, but for about a year prior to September, 1906, he himself boarded at a place about seven miles away, to be conveniently located for his work. He kept his household goods at the home place all the while, and often went there, and always claimed it as his home. Prior to this suit he built another house on the place, and, his first wife having died, he married again and moved on the place with his family and has lived there ever since. The contention of appellant (plaintiff below) is that these facts, coupled with defendant's execution of the deed while mentally capable of doing so, were sufficient to show an abandonment of the homestead as a conclusion of law, thereby dispensing with the necessity of the wife's joinder in the deed to render it a valid alienation of the property, as required by statute.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2, 3] The owner and occupant of a homestead may abandon it in such sense as to destroy its homestead character by ceasing to occupy it as such, without any definite intention to return. Lehman & Co. v. Bryan, 67 Ala. 558; Pollak v. Caldwell, 94 Ala. 149, 151, 10 South. 266; Caldwell v. Pollak, 91 Ala. 353, 357, 8 South. 546. A temporary absence animo revertendi, no other homestead being acquired in the meantime, is not an abandonment; and the duration of the absence, though relevant to the question of intention, is never per se conclusive. Bunker v. Paquette, 37 Mich. 79; Kaes v. Gross, 92 Mo. 647, 3 S. W. 840, 1 Am. St. Rep. 767; 102 Am. St. Rep. 411, note.

[4-6] We think it was in this case a question of fact for the jury to determine whether or not defendant intended to abandon his homestead when he moved away from it with his family, or at any time thereafter before his alleged execution of the deed of September 28, 1906. An offer to sell one's homestead not then in actual occupation as such, is, of course, a fact to be considered, but it is not conclusive evidence of an intention to abandon. Burkhardt v. Walker, 132 Mich. 93, 92 N. W. 778, 102 Am. St. Rep. 386, note, 407. So, also, the execution of a deed to the homestead without conformity to legal requirements if followed by delivery of possession to the purchaser, would be an abandonment. Thacker v. Morris, 166 Ala. 395, 400, 52 South. 73; McDonald v. Crandall, 43 Ill. 231, 92 Am. Dec. 112, 115. But we know of no authority holding that the execution of a deed, invalid without a previous abandonment, is in itself a conclusive act of abandonment, unless it is accompanied or followed by a surrender of possession to the purchaser. 21 Cyc. 605b, and cases cited; Shepard v. Brewer, 65 Ill. 383; Horn v. Tufts, 39 N. H. 478.

It results that the instructions requested by plaintiff were properly refused, because they withdrew from the jury the question of defendant's intention under the facts hypothesized. Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.