ROUBAJE v. GRASZUK.

1. HOMESTEADS—NOTICE TO SHERIFF OF DEBTOR'S SELECTION.
   That a widow and her children were living on a 40-acre farm at the time the sheriff levied on it was sufficient notice to him that she had selected it as her homestead.

2. SAME—EXECUTION AND SALE VOID WHERE HOMESTEAD RIGHTS IGNORED—STATUTES.
   Where a sheriff, in levying on a homestead to satisfy a judgment, failed to follow the proceedings prescribed in 3 Comp. Laws 1915, §§ 12890–12895, and ignored the homestead rights, the sale was void.

3. APPEAL AND ERROR—BILL TREATED AS AMENDED ON APPEAL—
   HOMESTEADS.

> Where, in a suit to set aside a sheriff's deed to a homestead,
> the bill did not claim homestead rights, but that question
> was before the circuit judge, was determined by him, and
> was in part the basis of the decree granting the relief prayed
> for on condition that the amount of the judgment with in-
> terest and costs be paid by plaintiffs, the bill is treated as
> amended, on appeal, and the decree affirmed.

Appeal from Wayne; Brown (William B.), J.,
presiding. Submitted June 20, 1928. (Docket No.
142, Calendar No. 33,855.) Decided October 1, 1928.

Bill by Joseph Roubaje and another against
Walter Graszuk to restrain the enforcement of a
judgment of restitution, and to set aside a sheriff's
deed. From a decree for plaintiffs, defendant ap-
peals. Affirmed.

*Roy Herald* and *Ritchie S. Barrie,* for plaintiffs.

*Alean B. Clutts* (*Clare Retan,* of counsel), for
defendant.

McDONALD, J. David Graszuk and Victoria, his
wife, were purchasers on contract of 40 acres of
land in Wayne county, Michigan. They made a
loan of $500 from the defendant, Walter Graszuk,
and gave him their promissory note therefor. A
very short time thereafter David Graszuk died. On
maturity, the note was not paid. The defendant
sued and recovered a judgment for $500 against
Victoria Graszuk. He caused a levy to be made on
her equitable interest in the 40 acres, and on the
sale received the sheriff's deed. Subsequently, Vic-
toria Graszuk conveyed her interest to the plain-
tiffs herein. They refused the defendant possession.
He recovered a judgment for restitution in the com-

missioner's court. They then filed this bill to restrain its enforcement and to set aside the sheriff's deed. On the hearing, the trial court granted the relief prayed for on condition that the plaintiffs pay to the defendant the amount of his judgment against Victoria Graszuk including interest and costs. The defendant has appealed.

The land in question was the homestead of Victoria Graszuk and her children. They were living on it at the time of the levy and sale. That fact alone was notice to the sheriff that she had selected it as her homestead. *Evans* v. *Railroad Co.,* 68 Mich. 602, 609.

"While property is a homestead there is no interest which can be taken and sold under an execution against the owner." *Burkhardt* v. *James Walker & Son,* 132 Mich. 93.

If the homestead interest of Victoria Graszuk exceeded in value the constitutional and statutory limit, it was the duty of the officer who made the levy to follow the proceedings prescribed in sections 12890–12895, 3 Comp. Laws 1915. If it was within the limit, it was exempt from levy and sale on execution. The testimony does not show the value of her interest, but, in any event, the sale was invalid because the statutory provisions were not complied with. The deed shows that the sheriff ignored her homestead rights and sold her entire interest in the property.

It is true, as claimed by counsel for the defendant, that the bill of complaint does not claim homestead rights, but that question was before the circuit judge, was determined by him, and was in part the basis of his decree. In view of these facts, the bill will be treated as amended in accordance with the plaintiffs' offer in this court.

On the hearing, the plaintiffs tendered to the defendant the sum of $640 in payment of his judgment, including interest and court costs. In the decree entered, the circuit judge required payment to the defendant of the amount of the tender and set aside the sheriff's deed. In this disposition of the case, substantial justice was done to all parties.

The decree is affirmed, with costs to the plaintiffs.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.