15   653
17   471
17   630

JOHN C. McMAHON ET AL., APPELLEES, V. BENJAMIN SPEILMAN ET AL., APPELLANTS.

1. **Homestead**: CONVEYANCE. Judgments were recovered against M. and W. in the county court in March, 1877, and transcripts filed in the district court in April of that year. In June following M. and wife conveyed the homestead to one G., who immediately reconveyed to the wife of M. No consideration was paid nor change of possession, and the premises continued to be occupied as the family homestead of M. *Held*, That the conveyance to G. was not an abandonment of the homestead, and it was not liable for the satisfaction of the judgments.

2. ———. 'A wife may claim the right of homestead.

APPEAL from the district court of Platte county. Heard below before POST, J.

*Byron Millett*, for appellants, contended that under the homestead law of 1875, p. 45, the judgments became active by the transfer of the title from McMahon to Griffin, and rendered property liable to sale. *Eaton v. Ryan*, 5 Neb., 47. That the deeds purport to be for a valuable consideration, and appellees are bound by the recitals therein. 1

Greenleaf Evidence, §§ 24, 25, 571. Bigelow Estoppel, 609. *McCrea v. Purmort*, 30 Am. Dec., 103, 117. And that the testimony of John C. McMahon was clearly insufficient under the statute of frauds to establish a trust. Comp. Stat., chap. 32, § 3. *Rasdall v. Rasdall*, 9 Wis., 379.

*M. Whitmoyer*, for appellees, cited: *Dorrington v. Myers*, 11 Neb., 391. *Spencer v. Fredendall*, 15 Wis., 666. *Murphy v. Crouch*, 24 Wis., 365. *Spencer v. Geissman*, 37 Cal., 99. *Orr v. Shraft*, 22 Mich., 260. *Stinson v. Richardson*, 44 Iowa, 373.

MAXWELL, J.

In March, 1877, Steele & Johnson recovered two judgments against John C. McMahon and John C. Wolful, in the county court of Platte county, one of said judgments being for the sum of $103.50, and the other for $104.65. Transcripts thereof were duly filed in the office of the clerk of the district court on the 13th of April of that year. At that time the plaintiff, John C. McMahon, owned two-thirds of a lot in Columbus, with the building thereon, which was occupied as a home by himself and family. On the 4th of June, 1877, McMahon and wife conveyed the premises in question to one Griffin, and Griffin and wife immediately reconveyed the same to Mary McMahon, the wife of John C. McMahon. The testimony tends to show that the conveyances were made and delivered at the same time, and were without consideration, and were made for the sole purpose of putting the title in the name of the wife. The premises then were, and ever since have been, occupied as a homestead for the family. In December, 1881, executions were issued on the above judgments and levied on the premises in question. The plaintiffs thereupon instituted this action, stating the above and other facts, and praying for an injunction. A temporary order

was granted, which on the trial was made perpetual. The defendants appeal to this court.

The only ground upon which they claim the right to sell the premises in question is because of the conveyance from McMahon and wife to Griffin. Had the premises actually been sold to Griffin, and ceased to be the plaintiffs' homestead, there is no doubt that they would have been liable for the satisfaction of the judgments in question under the statute as it existed at the time the transcripts were filed. But the testimony shows there was no sale to Griffin. He was a mere conduit for the transfer of the title from John McMahon to Mary McMahon. Whatever the object of this transfer may have been, it did not affect the right of homestead, as the wife equally with the husband may claim such right. As the premises in question have not been conveyed to strangers, nor ceased to be the plaintiffs' homestead, the right of the defendant to levy an execution on said premises did not accrue, it not appearing that the quantity exceeded the limit of the statute. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.