HENRY KLOKE, APPELLANT, V. THEODORE WOLFF, APPELLEE.

FILED MARCH 7, 1907. NO. 14,675.

Homestead: LEASE. A lease of a homestead for a period of five years is a conveyance within the meaning of section 6203, Ann. St., and is void unless executed and acknowledged by both husband and wife.

APPEAL from the district court for Cuming county: GUY T. GRAVES, JUDGE. *Reversed.*

*T. M. Franse* and *P. M. Moodie,* for appellant.

*Hunker & Krake, contra.*

EPPERSON, C.

On October 10, 1905, the plaintiff herein and his wife resided upon the land in controversy as their homestead. Plaintiff on that date entered into a written contract wherein he leased the premises to the defendant for a period of five years, beginning March 1, 1903. Plaintiff's wife did not join in the lease, neither was its execution acknowledged. About March 1, 1903, plaintiff and his family moved from the farm, and defendant took possession thereof. This is a forcible entry and detainer suit instituted by plaintiff to recover possession of the premises so leased to defendant. The district court's judgment was for defendant. · The facts are undisputed, and the only question presented is as to the validity of the lease.

Section 6203, Ann. St., provides: "The homestead of a married person cannot be conveyed or incumbered unless the instrument by which it is conveyed or incumbered is executed and acknowledged by both husband and wife." It is a well-established rule that a conveyance of a homestead, unless executed and acknowledged by both husband and wife, is absolutely void. *Interstate Savings & Loan Ass'n v. Strine,* 58 Neb. 133; *France v. Bell,* 52 Neb. 57; *Horbach v. Tyrrell,* 48 Neb. 514; *Blumer v. Albright,* 64 Neb. 249; *Weatherington v. Smith,* 77 Neb. 363. A lease of the homestead is a conveyance within the meaning of section 6203, *supra.* The lease in question was therefore void in its inception, and defendant acquired no rights thereunder.

Defendant contends, however, that, as the plaintiff herein occupied the premises in controversy as a homestead prior to the enactment in 1877 of the provisions now contained in section 6203, *supra,* his right to convey without his wife joining became vested, and therefore the lease is valid, citing *Gladney v. Sydnor,* 172 Mo. 318, 60 L. R. A. 880. A discussion of this proposition is unnecessary here. Plaintiff married his present wife in

1883. By this marriage, and the occupancy of the land in controversy, his homestead rights were fixed under the present law.

The district court should have directed a verdict for plaintiff as requested; and we recommend that the judgment be reversed and the cause remanded for further proceedings.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.