F. L. THOMAS, KATE BEUHLER AND HER HUSBAND JOHN G. BEUHLER, *Appellants,* v. JULIA F. CRAFT, AND HER HUSBAND H. M. CRAFT, JAMES M. THOMAS AND BARBARA E. THOMAS, HIS WIFE, *Appellees.*

1. The constitution by Article X provides that real and personal property of designated amounts owned by the head of a family residing in this State shall be exempt from forced sale under process of any court, that the exemption shall inure to the widow and heirs of the party entitled to such exemption, that the real property shall not be alienable without the joint consent of husband and wife, where that relation exists, and that nothing in the article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists. The exemptions apply only to property owned by the head of the

family, are for the benefit of the family and inure to the widow and heirs of the party entitled to the exemption. The provisions as to the method of alienation are restrictions upon the inherent right of alienation and extend only to the homestead real estate, and are designed for the protection of all the beneficiaries of the exemption, therefore the observance of the restrictions are as essential when the alienation is to members of the family as to others.

2. The words "alienable" and "alienating" are used in Article X of the Constitution in the sense of conveying or transferring the legal title, or any beneficial interest in, the exempt homestead real estate during the life of the owner. The method by which the homestead shall be alienated, i. e. conveyed or transferred, being expressly and specifically prescribed and defined in the .constitution to be by joint consent and by deed or mortgage duly executed by husband and wife when that relation exists, all other methods of alienation during the life of the owner are inhibited.

3. Where the owner of a homestead to which the constitutional exemption from forced sale is applicable is a married man a deed executed by him alone does not convey any right, title or interest whatever in the homestead real estate.

This case was decided by Division A.

Appeal from the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the court.

*Solon B. Turman,* for appellants;

*Wall & McKay* and *Geo. P. Raney,* for appellees.

WHITFIELD, J.—This is an appeal from a decree denying partition of real estate. The facts in brief are: James M. Thomas owned and occupied a homestead in real estate which he undertook by deed executed by him-

self alone to convey to his wife and two adopted children, F. L. Thomas and Kate Thomas; subsequently James M. Thomas and his wife conveyed the land to Julia F. Craft, first by a warranty deed not acknowledged by the wife and afterwards by a deed without warranty executed and acknowledged by James M. Thomas and his wife; James M. Thomas took out letters of guardianship for the two adopted children who were minors, and the supposed interests of the two adopted children in the land were sold to said Julia F. Craft under orders of the probate court to pay the debts of the said minor adopted children; Kate Thomas married John G. Beuhler; F. L. Thomas and Kate Beuhler coming of age and each claiming one-third interest in the land under the deed from James M. Thomas, brought suit for partition of the land making James M. Thomas and wife and Julia F. Craft and husband parties defendant. The wife claimed no title under the deed. The court decreed that the deed from John M. Thomas alone, purporting to convey the homestead to his wife and his two adopted children, to be void, as the wife did not join in the execution thereof; that if any interest in the land was conveyed to the adopted children by the deed, such interests passed to Julia F Craft by virtue of the sale under orders of the probate court; and that the bill for partition be dismissed.

It is urged here for the appellants that the decree denying partition is erroneous because (1) the deed of conveyance of the homestead by James M. Thomas alone to his wife and two adopted children was not an alienation of the land and the constitutional requirement that the wife join in the conveyance does not apply; (2) the deed from James M. Thomas raised a trust in favor of complainants that binds Julia F. Craft; and, (3) the

sale to Mrs. Craft under orders of the probate court is void because of fraud in the proceedings.

In Article X of the constitution of 1885, it is provided:

"Section 1.   A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this state, together with one thousand dollars' worth of personal property, and the improvements on the real estate, shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. But no property shall be exempt from sale for taxes or assessments, or for the payment of obligations contracted for the purchase of said property, or for the erection or repair of improvements on the real estate exempted, or for house, field or other labor performed on the same. The exemption herein provided for in a city or town shall not extend to more improvements or buildings than the residence and business house of the owner: and no judgment or decree or execution shall be a lien upon exempted property except as provided in this article."

"Section 2.   The exemptions provided for in section one shall inure to the widow and heirs of the party entitled to such exemption, and shall apply to all debts, except as specified in said section."

"Section 4.   Nothing in this article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists."

That the land in controversy was the homestead of James M. Thomas when he alone executed a deed purporting to convey it to his wife and two adopted children

is not questioned.  If the deed is an attempted alienation of the homestead real estate, and it is ineffectual as such because the wife did not join in executing the deed as required by the constitution, the complainants have no title to the land they seek to have partitioned to them.

The constitutional exemptions apply only to property owned by the head of the family.  The exemptions are for the benefit of the family, and inure to the widow and heirs of the party entitled to the exemption.  The methods prescribed for the alienation of the exempted real estate are restrictions designed for the protection of all the beneficiaries of the exemption.  Therefore the prescribed methods of alienation are as essential when the homestead real estate is alienated to members of the family as to others.

The right of the owner to voluntarily alienate the property real or personal to which the constitutional exemption attaches is not given by the constitution. This right is inherent as an incident to or an attribute of the ownership of the property.  But the constitution provides: "that the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists;" and that "nothing in this Article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife if such relation exists."  The law prescribes how deeds of conveyance and mortgages of real estate shall be duly executed by husband and wife.

. The words "alienable" and "alienating" are used in the quoted sections of the constitution in the sense of conveying or transferring the legal title, or any beneficial interest in, the exempt homestead real estate during the life of its owner.  The method by which the homestead shall be alienated, *i. e.* conveyed or transferred, being

expressly and specifically prescribed and defined in the constitution to be by joint consent and by deed or mortgage duly executed by husband and wife when that relation exists, all other methods of alienation are in-hibited.     Therefore no instrument is effectual as an alienation of or a conveyance or transfer of title to or any interest in the homestead real estate, without the joint consent of husband and wife when that relation exists, which joint consent shall be evidenced by a deed or mortgage duly executed and acknowledged by the husband and wife with the formalities prescribed by law for conveyances by husband and wife.

I The deed, therefore, executed solely by James M. Thomas, the husband, by which he attempted to convey the legal title to his homestead real estate was a nullity, and effected nothing, and conferred upon the grantees named therein no right, title or interest whatever in the property.   See McDonald v. Sanford, 88 Miss. 633, 41 South. Rep. 369. 9 Am. & Eng. Anno Cases 1, and authorities cited.

The decree is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.