W. B. ADAMS, *Appellant,* v. D. G. MALLOY *et al., Appellees.*

Opinion filed Dec. 10, 1915.

1. Under the provisions of Section 2462 of the General Statutes of Florida, a subscribing witness to a conveyance has no authority *as such subscribing witness* to take the acknowledgment of a married woman, and the fact that such subscribing witness acknowledges before some officer authorized to take acknowledgments that the married woman acknowledged the execution of the instrument before *him* will not avail,

even though such subscribing witness acknowledges and sets forth a compliance with all the statutory requirements by the married woman before *him*.

2. The words "alienable" and "alienating" are used in Article X of the constitution in the sense of conveying or transferring the legal title, or any beneficial interest in, the exempt homestead real estate during the life of the owner. The method by which the homestead shall be alienated, *i. e.* conveyed or transferred, being expressly and specifically prescribed and defined in the constitution to be by joint consent and by deed or mortgage duly executed by husband and wife when that relation exists, all other methods of alienation during the life of the owner are inhibited.

3. The signing, sealing and delivery of a deed by a married woman is not sufficient to convey her interest in the land described therein, whether such interest be dower, separate estate or what not. In addition thereto, in order to render such deed effectual as to her, she must acknowledge the same in accordance with the statutory requirements.

4. Where a married woman fails to acknowledge a deed to an interest in homestead real estate in accordance with the statutory requirements, even though the husband properly executes and acknowledges such deed, such deed is ineffectual to convey the interest in the homestead real estate for the reason that there has been "no joint consent of the husband and wife," which the constitution mandatorily requires in order to make a conveyance of the homestead valid and effectual to pass the title thereto.

5. A conveyance of the timber growing on homestead real estate, with the right of ingress and egress for a term of ten years, is a conveyance within the meaning of Section 2448 of the General Statutes of Florida and is ineffectual unless executed and acknowledged by both husband and wife.

Appeal from Circuit Court, Taylor County; M. F. Horne, Judge.

Order reversed.

### *Statement.*

W. B. Adams filed his bill of complaint against D. G. Malloy, J. H. Malloy and C. C. Hughes for the removal of a cloud from the title to certain described lands.   The bill alleges:

"I.

That the complainant is the owner and in the actual possession of that certain tract of land situate, lying and being in the County of Taylor, State of Florida, described as follows, to-wit:

South half of northeast quarter of section thirty-one (31) and southwest quarter of northwest quarter of section thirty-two (32), in township six (6) south, range eight (8) east, containing one hundred twenty acres, more or less.

II.

Complainant alleges that the defendants, D. G. Malloy and J. H. Malloy, are claiming and asserting title to the timber on said land and the right to work and use, cut and remove the same for turpentine and sawmill purposes; that such rights are claimed by the defendants under and through a certain paper writing, a copy of which is hereto attached and made a part of this bill, marked exhibit A; that the parties of the second part named in said paper writing are the defendants herein, being therein designated as 'Malloy Brothers & Hughes'; that the defendant, G. C. Hughes, by deed dated _____, 19____, undertook to convey a one-third undivided interest in said

timber and timber rights to defendants, D. G. Malloy and J. H. Malloy, and thereby warranted the title thereto against all persons.

Complainant alleges that the said paper writing is a cloud on complainant's title to said land; that the same is insufficient to convey any right, title or interest whatsoever, and is invalid, for the reasons following:

(a) The pretended description of the land is indefinite and insufficient, in that it does not thereby appear in what county and state the land therein described is located;

(b) Complainant's said land was then and there at the time said paper writing, Exhibit A, purports to have been executed, the homestead of Andrew J. Green and Rebecca O. Green, his wife; that the said paper writing was not executed by said Rebecca O. Green, for the reason that the pretended execution thereof was not by her acknowledged before an officer authorized to take acknowledgments, and, therefore, said paper writing was and is insufficient as a conveyance of any interest in said homestead, the same not being the deed of the husband and wife, or joint consent of husband and wife;

(c) Said paper writing is vague and indefinite as to the rights and interests which it purports to convey;

That said paper writing, Exhibit A, is void and ought in equity to be cancelled as a cloud on complainant's title.

WHEREFORE the complainant prays this Honorable Court to take jurisdiction in the premises and to grant an order and decree decreeing· that the said paper writing, vopy of which is attached to this bill of complaint as exhibit 'A,' be cancelled as a cloud on complainant's title, and that the Clerk of this Court be directed to enter in the margin of the record of said instrument that the same has been cancelled by the decree of this court, and to grant

unto the complainant such other and further relief in the premises as may from time to time seem meet and proper.

May it please your honor to grant unto your orator the State's most gracious writ of subpoena and an order for constructive service to be issued to the defendant, D. G. Malloy, J. H. Malloy and G. C. Hughes, commanding them that on a certain day they be and appear in this honorable court, then and there, true, perfect and correct answers make to this your orator's bill of complaint, and to stand to and abide the orders and decrees of this honorable court which may from time to time be made in the premises, and to grant unto your orator such other and further relief as may to your Honor seem meet and agreeable to equity and good conscience, and your orator will ever pray, etc."

The exhibit referred to in the bill and attached thereto is as follows:

"This indenture, Made this 24th day of October, A. D. 1905, between Andrew J. Green and his wife, Rebecca O. Green, of the county of Taylor and State of Florida, party of the first part, and Malloy Brothers & Hughes of the county of Taylor and State of Florida, party of the second part,

Witnesseth: That the said party of the first part, for and in consideration of the sum of Three Hundred in full for mill privileges and One Hundred Dollars advance on turpentine, the receipt whereof is hereby acknowledged, has granted, bargained and sold to the party of the second part, and by these presents do bargain, sell and transfer, unto the said part__ of the second part and _____ heirs and assigns, forever, all that certain parcel of land lying and being in the county of _____ and State of_____, and more particularly described as follows:

South half of Northeast quarter of Section Thirty-one, and Southeast quarter of Northwest quarter of Section Thirty-two, in Township Six, South of Range Eight East, containing one hundred and twenty acres, more or less. All the timber on said lands for turpentine, saw mill, cross-tie or any other purposes, together with the exclusive right to run tram road or wagon roads or other means of transportation for the term of ten years, said timber to be wanted in turpentine at fifty dollars per thousand boxes. Provided said road privileges shall not apply to fields and timber privileges shall not apply to smaller than ten inches in diameter at stump, balance of turpentine money to be paid when boxed and counted.

Together with all the tenements, hereditaments and appurtenances, with every privilege, right, title, interest and estate, dower and right of dower, reversion, remainder, and easement thereto belonging or in any wise appertaining: To Have and To Hold the same in fee simple forever.

And the said party of the first part does covenant with the party of the second part that they lawfully seized of said premises; that they are free of all encumbrance, and that _____good right and lawful authority to sell the same; and that they will warrant and defend the same against the lawful claims of all persons.

In Witness Whereof, The party of the first part have hereunto set their hand and seal the day and year above written.

Signed, sealed and delivered     Andrew J. Green (SEAL)
in our presence:              his

                 Rebecca O.   x   Green (SEAL)
                         mark

John B. Boyd
Arthur S. Green.

(On Back)

State of Florida, County of Taylor.

I hereby certify that on this 24th day of October, A.
D. 1905, before me personally appeared John B. Boyd,
one of the subscribing witnesses in the foregoing timber
lease, to me well known to be the person subscribing there-
to as such witness _____ their free act and deed, for
the uses and purposes therein mentioned, and acknowl-
edged that he saw the said lease executed by the said A.
J. and R. O. Green, and the said R. O. Green, wife of the
said A. J. Green, on a separate and private examination
taken and made by and before him and separately and
apart from her said husband, did acknowledge that she
made herself a party to the said Deed of Conveyance for
the purpose of renouncing, relinquishing and conveying
all her right, title and interest, whether of dower of sep-
arate property, statutory or equitable, in and to the lease
therein described, and that she executed said deed freely
and voluntary, and without constraint, fear, apprehen-
sion, or compulsion of or from her said husband.

Witness my signature and official seal at Perry in the
County of Taylor and State of Florida the day and year
last aforesaid.

(Seal.)               W. T. HENDRY,   (Seal.)
Notary Public, State of Florida at Large, my Commission
    expires May 9th, 1906.

State of Florida,
Taylor County.

*Be It Remembered* that on this 30th day of Decem-
ber, A. D. 1905, I, John C. Calhoun, Clerk of the Circuit

- 32

Court in and for said County, have duly recorded the foregoing deed in the public records of said County.

*It Witness Whereof* I have hereunto set my hand and the seal of said Court, this day and year above written.

John C. Calhoun,

(Seal.)                Clerk of Circuit Court."

To this bill the following demurrer was interposed:

"Now comes D. G. Malloy and J. H. Malloy, two of the defendants in the foregoing cause, and demur to the bill of complaint filed in the said couse because said bill is bad in substance and for grounds of demurrer these defendants say:

1st.   There is no equity in the Bill of Complaint.

2nd.   The description of the land as contained in Exhibit A to the said bill of complaint is sufficiently definite for the location of the land.

3rd.   The Court takes judicial notice that township six south of range eight east is in Taylor County, Florida.

4th.   Exhibit 'A' made a part of said bill of complaint, shows that Rebecca Green joined with her husband, Andrew J. Green, in the execution of the paper of which exhibit 'A' is a copy.

5th.   The said bill of complaint shows that the paper of which exhibit 'A' is a copy to be the joint consent of the husband and wife, viz:   Andrew J. Green and Rebecca O. Green.

6th.   The constitution of the State of Florida with reference to alienation of a homestead requires the joint consent of the husband and wife and that the deed be executed by the husband and wife when that relation exists and exhibit 'A' shows that the paper of which exhibit 'A'

is a copy to be the joint consent of husband and wife and is a valid and legal paper.

7th. The fact that the paper is vague and indefinite as to the rights and interest which it purports to convey is not a ground for cancelling the instrument as being a cloud upon title.

8th. The bill shows that the paper of which exhibit 'A' is a copy, was executed by the owners of the land at the time the paper was executed and the complainant in this cause, from those allegations, would be and is estopped to insist upon the rights being indefinite and uncertain.

9th. The fact that the right granted may be indefinite and uncertain would be ground to reform the deed or make certain, but not grounds for the cancellation."

The Circuit Judge made an order sustaining this demurrer, from which order the complainant has entered his appeal.

*W. T. Hendry,* for Appellant;

*W. B. Davis,* for Appellee.

SHACKLEFORD, J. *(after stating the facts.)*—All the parties litigant have construed the instrument, which we have copied above and which the complainant seeks to have removed, as a cloud upon his title, as a conveyance of the timber growing on the lands described therein, with the right of ingress and egress for a term of ten years, and we shall so treat such instrument. It is obvious that each of the grantors, Anrrew J. Green and Rebecca O. Green, his wife, signed, sealed and delivered such instrument in the presence of two subscribing witnesses, in accordance

with the requirements of Section 2448 of the General Statutes of Florida. The certificate of the officer as to the proof of such execution is somewhat confused. Even if it be conceded that the proof of the execution by Andrew J. Green by one of the subscribing witnesses to the instrument is sufficient, we must hold that the certificate of the officer fails to show an acknowledgment by Rebecca O. Green in compliance with Section 2462 of the General Statutes of Florida, as a subscribing witness to a conveyance has no authority as such subscribing witness to take the acknowledgment of a married woman, and the fact that such subscribing witness acknowledges before some officer authorized to take acknowledgments that the married woman acknowledged the execution of the instrument before *him* will not avail, even though such subscribing witness acknowledges and sets forth a compliance with all the statutory requirements by the married woman before *him*. It is admitted by the respective parties by their pleadings that the land described in the instrument constituted the homestead of Andrew J. Green and Rebecca O. Green, his wife. Sections 1 and 4 of Article X of the Constitution of Florida read as follows:

"Section 1. A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars' worth of personal property, and the improvements on the real estate, 'shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. But no property shall be exempt from sale for taxes or assess-

ments, or for the payment of obligations contracted for the purchase of said property, or for the erection or repaid of improvements on the real estate exempted, or for house, field or other labor performed on the same. The exemption herein provided for in a city or town shall not extend to more improvements or buildings than the residence and business house of the owner; and no judgment or decree or execution shall be a lien upon exempted property except as provided in this article."

"Section 4. Nothing in this article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists; nor if the holder be without children to prevent him or her from disposing of his or her homestead by will in a manner prescribed by law."

We had occasion to construe these constitutional provisions in Thomas v. Craft, 55 Fla. 842, 46 South. Rep. 594, 15 Ann. Cas. 1118, wherein we held: "The words 'alienable' and 'alienating' are used in Article X of the Constitution in the sense of conveying or transferring the legal title, or any beneficial interest in, the exempt homestead real estate during the life of the owner. The method by which the homestead shall be alienated, *i. e.* conveyed or transferred, being expressly and specifically prescribed and defined in the constitution to be by joint consent and by deed or mortgage duly executed by husband and wife when that relation exists, all other methods of alienation during the life of the owner are inhibited."

We also said in the opinion rendered therein: "Therefore no instrument is effectual as an alienation of or a conveyance or transfer of title to or any interest in the homestead real estate, without the joint consent of hus-

band and wife when that relation exists, which joint consent shall be evidenced by a deed or mortgage duly executed and acknowledged by the husband and wife with the formalities prescribed by law for conveyances by husband and wife."

In other words, the signing, sealing and delivery of a deed by a married woman is not sufficient to convey her interest in the land described therein, whether such interest be dower, separate estate or what not. In addition thereto, in order to render such deed effectual as to her, she must acknowledge the same in accordance with the statutory requirements. See Section 2462 of the General Statutes of Florida, which reads as follows: "To render such sale, conveyance, mortgage or relinquishment, whether of separate estate or of dower effectual to pass a married woman's estate or right, she must acknowledge, before some officer authorized to take acknowledgment of deeds, separately and apart from her husband, that she executed the same freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her husband, and the officer's certificate shall set forth all the foregoing requirements." Also see Carn. v. Haisley, 22 Fla. 317 and Walling v. The Christian & Craft Grocery Co.; 41 Fla. 479, 27 South. Rep. 46, 47 L. R. A. 608. We would also refer to the notes on page 3 of 9 Ann. Cas. and page 1119 of 15 Ann. Cas., where many authorities will be found collected from other jurisdictions. Since Rebecca O. Green never assented to the execution of the instrument in accordance with the statutory requirements, it necessarily follows that there has been no "joint consent of the husband and wife" which the Constitution mandatorily requires in order to make a conveyance of the homestead valid and effectual to pass the title thereto.

As we have previously said, all the parties have treated the instrument in question as a conveyance of the timber rights upon the land described therein, and not of the entire estate. This being true, we must determine whether the principle which we have just announced is applicable to such instrument. Upon this point the authorities would seem to be divided. See the notes on pages 3 of 9 Ann. Cas. and 1119 of 15 Ann. Cas. to which we have previously referred. Such division of the authorities evidently is largely due to the variant statutes in the different jurisdictions. Our statute regulating conveyances of real estate is section 2448 of the General Statutes, which reads as follows: "No estate or interest of freehold, or for a term of years more than two years, or any uncertain interest of, in or out of any messuages, lands, tenements or hereditaments shall be created, made, granted, transferred or released in any other manner than by a deed in writing, signed, sealed and delivered in the presence of at least two subscribing witnesses by the party creating, making, granting, conveying, transferring or releasing such estate, interest, or term of years, or by his agent thereunto lawfully authorized, unless by will and testament, or other testamentary appointment, duly made according to law; and no estate or interest, either of freehold, or of term of years other than terms of years of not more than two years, or any uncertain interest of, in, to or out of any lands, tenements, messuages or hereditaments, shall be assigned or surrendered unless it be by deed, signed, sealed and delivered in the presence of at last two subscribing witnesses, by the party so assigning or surrendering, or by his agent thereto lawfully authorized, or by the act and operation of law."

In construing this statute we have held that it em-

braced leases of land for turpentine privileges for a term of more than two years. Graves v. Harris, 63 Fla. 169, 58 South. Rep. 236. See also High v. Jasper Mfg. Co., 57 Fla. 437, 49 South. Rep. 156. Kloke v. Wolff, 78 Neb. 504, 111 N. W. Rep. 134, 11 L. R. A. (N. S.) 99, to which is appended a valuable note, is in point. We would also refer to Crouse v. Mitchell, 130 Mich. 347, 90 N. W. Rep. 32, 97 Amer. St. Rep. 479.

It necessarily follows from what we have said that we are of the opinion that the instrument in question must be held to be ineffectual as a conveyance of an interest in the homestead real estate, therefore, the demurrer was erroneously sustained to the bill, and the order must be reversed.

TAYLOR, C. J., and WHITFIELD and ELLIS, JJ., concur.

COCKRELL, J., absent on account of illness.