# DECISIONS

## OF THE

# Supreme Court of Florida

## JUNE TERM, A. D. 1924.

MAUDE DeLONG NORTON, *Appellant*, v. BLANCHE NORTON
BAYA, JOINED BY LOUIS Z. BAYA, HER HUSBAND, AND
RUTH NORTON CHRISTIE, JOINED BY GEORGE T. CHRISTIE,
HER HUSBAND, *Appellees.*

### Division B.

Opinion Filed April 11, 1924.

Petition for Rehearing Denied November 29, 1924.

1. A married man may alienate his "homestead so exempted by
deed or mortgage duly executed by himself" *and his wife;*
but a married man who leaves a widow or a child surviving
him cannot lawfully make a testamentary disposition of his
homestead. Johns v. Bowden, 68 Fla. 32, 66 South. Rep. 155.

2. An attempted conveyance of homestead real estate and other
property not so impressed, by the owner who leaves a wife
or child surviving him, which in legal and practical effect
is a will, is void as to such homestead.

3. The findings of a chancellor on the facts will not be dis-
turbed by an appellate court unless such findings are clearly
shown to be erroneous.

### On Application for Rehearing.

4. Where there is a child or children of the husband, who is
the head of the family, a joint deed of homestead real estate

by the husband and his wife to a disinterested third party, who pays no consideration therefor, and who contemporaneously therewith executes a deed for such property to the wife, is not an "alienation," in contemplation of the constitution, by the homestead owner of such homestead real estate, and is ineffectual to convey title thereto from the husband to the wife.

An Appeal from the Circuit Court for Duval County; George Couper Gibbs, Judge.

Affirmed.

*Axtell & Rinehart,* for Appellant.

*Doggett, Christie & Doggett* and *Bayard B. Shields,* for Appellees.

WEST, J.—By this suit it is sought to have two deeds purporting to convey certain lots of land located in the City of Jacksonville from John H. Norton to Maude De-Long Norton, his wife, decreed to be null and void and of no force and effect. One of the deeds is from John H. Norton and Maude DeLong Norton, husband and wife, to Alice Marie Hinman, and the other is from Alice Marie Hinman to Maude DeLong Norton, the object of the conveyances admittedly being to transfer the title of the property described from John H. Norton to Maude De-Long Norton, his wife, Alice Marie Hinman being no more than a conduit for the accomplishment of this end. Complainants are daughters of John H. Norton, issues of a former marriage, and their husbands. The defendant is the widow, John H. Norton having died. The deeds were not recorded until after his death.

The bill of complaint alleges that the deeds were not delivered and were not intended to be delivered during the lifetime of John H. Norton, the grantor. The defendant

grantee avers that the deeds were delivered to her when signed, but at the request of her husband were not recorded until after his death.

The record presents an issue of fact. The court held that as to that portion of the land attempted to be conveyed which was the homestead of John H. Norton, the deeds were void and complainants were adjudged to be the owners in fee simple and entitled to the possession thereof in accordance with the prayer of the bill, but subject to the dower interest of the defendant widow. As to the portion not so occupied and impressed the deeds were held valid. Upon appeal both parties assign error.

From the conclusion reached it is apparent that the court found the facts to be that it was the intention of the grantor, John H. Norton, that the delivery of the deeds to his wife, Maude DeLong Norton, the grantee, should be effective after, but not before his death, if she survived him, rendering them testamentary in character, and that upon his death the delivery of the deeds to her was consummated; but because of the constitutional inhibition against the devise of homestead property where the testator leaves children surviving him, the court decreed the deeds, to the extent that they attempted to convey homestead property, to be void and therefore ineffectual. Sec. 4, Art. 10, Const.; Johns v. Bowden, 68 Fla. 32, 66 South Rep. 155. There is evidence in the record ample to sustain this finding of fact to which the principle of law announced was correctly applied. To summarize the evidence in the court's opinion would be of no benefit. The decree will be affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.

On Application for Rehearing.

WEST, J.—The controlling organic and statutory provisions are as follows:

"A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars' worth of personal property, and the improvements on the real estate, shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. But no property shall be exempt from sale for taxes or assessments, or for the payment of obligations contracted for the purchase of said property, or for the erection or repair of improvements on the real estate exempted, or for house, field or other labor performed on the same. The exemption herein provided for in a city or town shall not extend to more improvements or buildings than the residence and business house of the owner; and no judgment or decree or execution shall be a lien upon exempted property except as provided in this article." Sec. 1, Art. X, Const.

"The exemptions provided for in section one shall inure to the widow and heirs of the party entitled to such exemption, and shall apply to all debts, except as specified in said section." Sec. 2, Art. X, Const.

"Whenever a person who is the head of a family residing in this State, and having his homestead herein, shall die and leave a widow surviving him, but no children, the homestead shall descend to the widow and shall not be the subject of devise by last will and testament; but if there be any child or children surviving him, then the widow shall be entitled to dower or a child's part in such homestead, as

she may elect to take a child's part, in other cases, and should she not elect to take a child's part, she shall be confined to dower in such homestead property; but she may take under the will, such other property as may be given to her thereby or dower therein as she may elect.'' Sec. 3620, Rev. Gen. Stats.

Where there is a child or children of the husband, who is head of the family, homestead real estate may not be conveyed by deed made by the husband to the wife. In such circumstance an instrument purporting to be a deed from husband to wife is void. Byrd v. Byrd, 73 Fla. 322, 74 South. Rep. 313; Thomas v. Craft, 55 Fla. 842, 46 South. Rep. 594. The reason for this rule is that homestead exemptions ''inure'' to the ''heirs,'' infant or adult, of the owner of the homestead, as well as to the widow. Sec. 2, Art. X, Const. The ''heirs'' of the homestead owner, as well as the owner and his wife, if he has one, have an interest in the homestead real estate that can be ''alienated'' only in the manner provided by the Constitution. Secs. 1, 2, Art. X, Const.; Hutchinson v. Stone, 79 Fla. 157, 84 South. Rep. 151. And the homestead rights of the ''heirs'' of the head of the family may be affected to their detriment if the homestead owner conveys his homestead real estate to his wife. Rawlins v. Dade Lumber Co., 80 Fla. 398, 86 South. Rep. 334.

To ''alienate'' homestead real estate, as contemplated by the Constitution, means to convey or transfer the legal title or the beneficial interest owned and held therein. Adams v. Malloy, 70 Fla. 491, 70 South. Rep. 463; Thomas v. Craft, *supra.* If the prescribed method for the alienation of homestead real estate is not complied with the attempt to convey as to the 'heirs'' is a nullity. Hutchinson v. Stone, *supra.*

In this case there was a voluntary conveyance of homestead real estate by the homestead owner, who was head of

the family, in which he was joined by his wife, to a disinterested third party, who contemporaneously therewith conveyed the homestead to the wife of such owner. This third party, grantee in the joint conveyance, paid no consideration for the property and was in legal effect no more than a conduit employed in an attempt to transfer the title from the homestead owner to his wife, the obvious purpose being to vest in the wife absolute title in the property. This is not such an ''alienation'' of the homestead as is required by the Constitution to accomplish that result. If given effect it would operate to transfer the legal title to the homestead from the husband to the wife, stripped of its homestead status or character, thereby converting her interest therein into absolute ownership, and divest his ''children,'' who are his prospective ''heirs,'' of the interest which, under the Constitution, inures to them. This is so because the homestead must be owned by the head of the family and the exemptions ''inure'' to his ''widow'' and ''heirs.'' To uphold such a transaction would be to say that form and not substance is important, and that although the thing attempted may not be done directly, it will be sanctioned and given effect when done indirectly. See 79 Fla. 391.

Rehearing denied.

All concur.

WHITFIELD, J., concurring.

I   In Florida the organic exemptions apply only to ''a homestead'' ''owned by the head of a family residing in this State.'' The homestead feature must be impressed upon the property before the exemption can apply. Semple v. Semple, 82 Fla. 138, 89 South. Rep. 638; Solary v. Hew-

lett, 18 Fla. 756; Oliver v. Snowden, 18 Fla. 823; Drucker v. Rosenstein, 19 Fla. 191. A husband and wife constitute a family. Miller v. Finegan, 26 Fla. 29, 7 South. Rep. 140; 29 C. J. 793. A grandfather having his granddaughter living in his home may be entitled to homestead exemptions. Adams v. Clark, 48 Fla. 205, 37 South. Rep. 734. See also Johns v. Bowden, 68 Fla. 32, 66 South Rep. 155. A widow may be the head of a family and the owner of a homestead. Caro v. Caro, 45 Fla. 203, 34 South. Rep. 309; DeCottes v. Clarkson, 43 Fla. 1, 29 South. Rep. 442; 29 C. J. 795. If the owner of a homestead ceases to be the head of a family (Herrin v. Brown, 44 Fla. 782, 33 South. Rep. 522; Johns v. Bowden, 68 Fla. 32, 66 South. Rep. 155; Johns v. Bowden, 72 Fla. 530, 73 South. Rep. 603), or if the homestead be abandoned as the family home (Murphy v. Farquhar, 39 Fla. 350, 22 South. Rep. 681; McGregor v. Kellum, 50 Fla. 581, 39 South Rep. 697), the property ceases to be "a homestead" within the meaning of the Constitution, and the exemptions no longer exist; and if the property is occupied as the home of a family, but it is not "owned by the head of the family," it is not a "homestead" to which exemptions apply under the Constitution even though the property is owned by another member of the family. Witt Co. v. Moody, 72 Fla. 459, 73 South. Rep. 582. If the owner of a homestead has a child or children (Palmer v. Palmer, 47 Fla. 200, 35 South. Rep. 983) or a wife (Saxon v. Rawls, 51 Fla. 555, 41 South. Rep. 594), he cannot devise his homestead real estate. Griffith v. Griffith, 59 Fla. 512, 52 South. Rep. 609. At the death of the owner of a homestead, the homestead property passes according to the statutes of descents; and by the Constitution "the exemptions" that apply to the homestead "inure to the widow and heirs of the party entitled to such exemption." Raulerson v. Peebles, 77 Fla. 207, 81 South. Rep. 271. Under

the statute if the owner of the homestead leaves a widow
and a child or children at his death, the widow takes only
dower or a child's part in the homestead as she may elect.
Sec. 3620, Rev. Gen. Stats. 1920. The "heirs" referred to
in the Constitution are those designated by statute (Hinson
v. Booth, 39 Fla. 333, 22 South. Rep. 687), and the rights
of the widow in homestead real estate are determined by
statute (Godwin v. King, 31 Fla. 525, 13 South. Rep. 108);
and the children made heirs by the statute include adult
children whether they reside on the homestead or not (Mil-
ler v. Finegan, 26 Fla. 29, 7 South. Rep. 140; Donly v. Met-
ropolitan Realty & Investment Co., 71 Fla. 644, 72 South.
Rep. 178) and whether they are residents of the State or
not. Scull v. Beatty, 27 Fla. 426, 9 South. Rep. 4. The
rights of the heirs in the homestead may be lost by laches.
Moseley v. Taylor, 68 Fla. 294, 67 South. Rep. 95. The
Constitution does not restrict the inherent right of the
owner to dispose of *personal* property that may be ex-
empted. Hinson v. Booth, 39 Fla. 333, 22 South. Rep. 687.
But the Constitution does not permit the owner of a home-
stead to dispose of the homestead real estate except by
"alienating" it "by deed or mortgage duly executed * * *
by husband and wife if such relation exists." Thomas v.
Craft, 55 Fla. 842, 46 South. Rep. 594; Adams v. Malloy,
70 Fla. 491, 70 South. Rep. 463; Bank of Jennings v. Jen-
nings, 71 Fla. 145, 71 South. Rep. 31; Shad v. Smith, 74
Fla. 324, 76 South. Rep. 897. The alienation permitted by
the Constitution does not include a voluntary transfer of
the title of the homestead real estate by the husband to the
wife, who is one of those to whom at the death of the owner
the property would go under the statute, since that would
give the entire property to the grantee, without any consid-
eration to the owner for the benefit of the family during
his life or to his children who at his death are intended by

the Constitution to be beneficiaries of the exemptions that attach to the homestead, and would frustrate the purpose of the organic command that "the exemptions * * * shall inure to the widow and heirs" at the death of the owner. Byrd v. Byrd, 73 Fla. 322, 74 South. Rep. 313.

The Constitution does not contemplate or permit a voluntary conveyance of the homestead to the wife by means of a deed executed by the husband and wife to a third party who at once and as a part of the same transaction conveys the property to the wife without consideration. Such a transaction is in effect merely an attempted voluntary conveyance of the homestead by the husband to the wife. See McMahon v. Speilman, 15 Neb. 653, 20 N. W. Rep. 10; Stevens v. Castel, 63 Mich. 111, text 120, 29 N. W. Rep. 828; 29 C. J. 897. In the cases last cited from other States it appears that homestead exemption rights exist in lands owned by the wife as well as when owned by the husband. See also 29 C. J. 896; 13 R. C. L., Sec. 93, p. 633-4; Waples on Homestead and Exemptions, page 398.

By providing in Article X of the Constitution that "a homestead to the extent of etc., owned by the head of a family residing in this State * * * shall be exempt from forced sale under process of any court," with stated exceptions, and that "no judgment or decree or execution shall be a lien upon exempted property except as provided," etc., and in limiting the owner's power of alienation, the Constitution protects the family home from forced sale and from an alienation that is not in accord with the organic provisions, while the head of the family is living. By the provisions that "The exemptions provided for * * * shall inure to the widow and heirs of the party entitled to such exemptions" * * * and that the Article shall not "prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed

by himself or herself, and by husband and wife, if such relation exists,'' the Constitution expresses an intent to protect rights given to the children who under the statute are the ''heirs'' at the death of their father the head of the family and owner of the homestead, as well as to protect rights given to the wife who becomes the widow, on the death of the husband and father. And with this as a purpose, the provisions expressly limiting the power of alienation are designed to protect the children who become ''heirs,'' as well as to protect the widow against any attempted transfer of the homestead real estate that is not contemplated by the Constitution (Byrd v. Byrd, 73 Fla. 322, 74 South. Rep. 313; Thomas v. Craft, 55 Fla. 842, 46 South. Rep. 594; Murphy v. Farquhar, 39 Fla. 350, 22 South. Rep. 681), as well as by an attempted transfer or mortgage that is not jointly consented to and duly executed as is expressly required by the Constitution. Hutchinson v. Stone, 79 Fla. 879, 84 South. Rep. 151; High v. Jasper Mfg. Co., 57 Fla. 437, 49 South. Rep. 156; Shad. v. Smith, 74 Fla. 324, 76 South. Rep. 897.

The *alienation* of the homestead that is permitted is not a voluntary conveyance of the legal title to one of the parties whose consent given by a duly executed deed or mortgage is essential to the alienation that is contemplated. The organic provisions intended that at the death of the owner of a homestead, the homestead exemptions shall inure to the widow and heirs in the way fixed by statute, and the intent of such provision is that neither the widow nor the heirs shall be deprived of their prospective rights by a transfer of the title to the homestead except by an alienation in which the wife shall join, and the provision for such joinder does not contemplate a direct or an indirect voluntary conveyance of the homestead real estate to the wife.

The conclusion reached accords with prior decisions of this court. In Rawlins v. Dade Lumber Co., 80 Fla. 398, 86 South. Rep. 334, there were no children. See Albright v. Albright, 70 Wis., 528, where there were no children. In Semple v. Semple, 82 Fla. 138, 89 South. Rep. 638, it was held that the property was not a homestead when the conveyance by the husband to the wife was executed. After the attempted transfer of the title to the homestead in this case there was no abandonment of the homestead as such, as there was in Murphy v. Farquhar, 39 Fla. 350, 22 South. Rep. 681. See 132 Mich. 93, 92 N. W. Rep. 778; 102 Am. St. Rep. 386; 20 Iowa 368.

The statutory provision that a husband may by deed convey real estate direct to his wife, cannot affect the intent of the organic provisions that homestead real estate may be alienated only by a deed or mortgage jointly and duly executed by the husband and wife if such relation exists, and cannot affect the organic provision that homestead exemptions "shall inure to the widow and heirs" of the owner.

The children of the owner who are his statutory "heirs," have a right and an interest in the homestead real estate exemptions that are secured by the Constitution, and the owner cannot transfer the property to another except by the alienation that is expressly provided for in which the wife must join. And the joint deed or mortgage of husband and wife required by the Constitution, necessarily contemplates an alienation to others than the wife, at least where the conveyance to her is without consideration and there are children to whom as heirs together with the widow the exempttion by the express terms of the Constitution, "shall inure" at the death of the owner.

It is suggested that the Constitution should not be held to forbid a voluntary transfer of the homestead real estate by the owner to his wife even though the owner of the

homestead has children, because the owner of the .homestead and his wife might have duly alienated the homestead to others than the children of the owner or they might have abandoned the property as a homestead so that it could be disposed of as other real estate, and the children would thereby have lost their interest in their father's homestead exemptions. Or the father might have survived the wife, and his children being grown and living in their own homes, the homestead character of the property would be lost because the owner would then no longer be the head of a family, though he continued to occupy the property as his home. But these or other circumstances or contingencies do not afford authority for or justify a voluntary conveyance of the homestead to the wife. Such a conveyance, if permitted to be effective, would destroy the rights of exemption and thereby frustrate the organic intent that the homestead exemptions "shall inure to the widow and heirs," when the homestead property is not duly alienated to others and the homestead is impressed with the organic exemptions at the death of the owner. The right to do one thing does not justify the doing of another thing that is contrary to the intent of the Constitution.

Counter contingencies may be suggested. If the property be duly alienated to others, the father might reacquire it or may acquire another homestead, or if it is abandoned as a homestead, he could reoccupy it with his wife, or acquire or occupy other property as his homestead; and if he survived the wife, others might live with him on his homestead as members of his family. and the rights of his children in the homestead under the law would thereby be preserved. A due alienation of the homestead real estate to others for an appropriate consideration, or an abandonment of the property as the homestead, might not be without benefit to the widow and heirs of the owner; but a *voluntary* transfer

of the homestead to the wife would be without benefit to the husband's children, to whom with the widow, the homestead would pass at the owner's death.

It may not be supposed that the husband and wife will make a voluntary conveyance of his homestead to others when he has children.

The Constitution of 1885 deals with the homestead property and also with the homestead exemptions. It provides that "a homestead" within stated limits, "owned by the head of a family residing in this State" "shall be exempt * * * and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists," and that "the holder of a homestead" may alienate the "homestead so exempted by deed or mortgage duly executed * * * by husband and wife if such relation exists."

"The effect of the Constitution of 1885 in so far as the homestead is concerned, where the relation of husband and wife exists, and where there is a child or children, is to compel such homestead to inure to the widow as widow, and to the heirs, unless the consent of the wife can be obtained to its alienation, in the lifetime of the husband." Palmer v. Palmer, 47 Fla. 200, 35 South. Rep. 983.

The transaction in this case was not such an alienation of the homestead real estate as is provided for by the Constitution, nor was it an abandonment of the homestead; but it was an attempt to so transfer the title to the homestead that at the death of the owner, it would pass to his widow to the exclusion of his children, contrary to the intent of the Constitution.