## LAKE v. PECK.

Circuit Court, Pasco County.

February 2, 1955.

W. H. Brewton, Dade City, for plaintiff.

Peyton T. Jordan, Tampa, for defendant.

ORVIL L. DAYTON, Jr., Circuit Judge.

Alice C. Lake died intestate on May 26, 1951. Plaintiff is her son and sole heir at law. Defendant is her son-in-law, who lived in her home for approximately two years prior to her death.

After Mrs. Lake's death a document executed by her and purporting to be a deed conveying her home property to defendant was found among her personal effects. The document was dated January 9, 1950. Defendant took possession of the deed and filed it for record on May 28, 1951.

Thereafter plaintiff exhibited his bill of complaint seeking to have the deed canceled, the property declared to belong to plaintiff

and defendant required to pay rent to plaintiff for his occupancy of the home since the death of decedent.

Defendant's answer avers that after the death of his wife, daughter of decedent, in response to decedent's request, he gave up a good job in the north and came to Zephyrhills to care for decedent, who was growing old and feeble. He further states that the execution of the deed in question by Mrs. Lake was without his knowledge and without any influence exerted on his part, that the decedent intended him to have the property on her death. He prays that the relief sought by plaintiff be denied, and that the instrument be declared to convey the property to him.

Testimony of the witnesses was taken before the court, thereafter the parties through their counsel filed written briefs.

Two questions are submitted for determination by the court— (1) Was the instrument in question a deed whereby decedent conveyed her property to defendant reserving for herself a life estate? (2) Was the instrument testamentary in character whereby defendant was vested with title to the property upon the death of decedent?

"Delivery of a deed is essential to the passing of the title to the property intended to be conveyed to the grantee." Pratt v. Carns (Fla.), 85 So. 681, 683.

There was no actual or manual delivery of the deed here by decedent to defendant. "Actual manual delivery of a deed is not always required in order to effectuate the grantor's intention to deliver; nor is it necessary for the grantor to use any particular formula of words in expressing his intention, so long as such intention to deliver the deed and to surrender all dominion and control over the same is made clear." Smith v. Owens (Fla.), 108 So. 891 (syllabus, 2d par.).

"The question of the completed and effectual delivery of a deed is one of the intent of the grantor, and this intent to irretrievably part with control of the deed is to be gathered from the circumstances under which delivery is made . . . Hence the true test of delivery of a deed of conveyance is whether or not the grantor intended to reserve to himself the locus poenitentiae . . . ." 7 Thompson, Real Property, 562, sec. 4113.

The term "locus poenitentiae" means literally "place of repentance," but in legal usage its meaning is generally—"an opportunity to change one's mind, or to withdraw from a contract before its obligation becomes binding." Winston's Dictionary.

The evidence does not show that Mrs. Lake at any time surrendered control over the deed. It remained in her possession until her death, and at any time prior to her death she could have delivered it, to defendant, altered its contents or destroyed it completely according to her desire. The first question must be answered in the negative. The instrument cannot be construed as a deed of conveyance.

Defendant cites an Alabama case, Arrington v. Brown, 178 So. 218, at page 219—"But when it cannot operate as a deed for want of delivery, that is a strong circumstance to show that it was intended as a will, and it will be so construed in doubtful cases. Sharp v. Hall, 86 Ala. 110, 5 So. 497, 11 Am. St. Rep. 28."

Defendant also relies on Norton v. Baya (Fla.), 102 So. 361. In that case the plaintiffs, daughters by a former marriage, sought cancellation of two deeds to real property from decedent to his wife, alleging that the deeds were not delivered nor intended to be delivered during the decedent's lifetime. The defendant grantee contended that the deeds were delivered, but not recorded during decedent's lifetime according to his request.

Affirming the chancellor our Supreme Court said at page 362—"From the conclusion reached it is apparent that the court found the facts to be that it was the intention of the grantor, John H. Norton, that the delivery of the deeds to his wife, Maude De Long Norton, the grantee, should be effective after, but not before, his death, if she survived him, rendering them testamentary in character . . . . but, because of the constitutional inhibition against the devise of homestead property where the testator leaves children surviving him, the court decreed the deeds, to the extent that they attempted to convey homestead property, to be void and therefore ineffectual."

The witnesses, all of whom testified for defendant, told of different incidents when Mrs. Lake indicated that it was her intention that he should have the property after her death. One witness testified that Mrs. Lake once said the defendant had not taken the deed up to Dade City to be recorded. Another witness, former wife of plaintiff, testified that plaintiff had acknowledged that defendant was to have the home place upon the death of Mrs. Lake.

After careful consideration of the testimony of the witnesses, I conclude that the decedent executed the instrument as and for a deed. She reserved a life interest, which would have been unnecessary in a will. She referred to it as a deed in conversations

with others in her lifetime. She recognized the necessity of its being placed of record.

The fact remains, however, that she never surrendered its possession and control to any other person. In Norton v. Baya, supra, the issue was the intention of the grantor at the time of delivery of the deeds to the grantee. The court determined that there was a delivery. The court found the intentions of the grantor *at the time of delivery* of the deeds to be that they should be effective upon his death and not before—and that thereby they were rendered testamentary in character.

The evidence proves that the decedent executed the instrument as a deed—for reasons known only to herself she did not make delivery of it. The mere fact that she did not follow through with her original intention to convey the property by deed, in my opinion, does not render the instrument testamentary in character.

It is the finding of this court, therefore, that the instrument was executed as a deed, but was ineffectual because of non-delivery Its effectiveness for any purpose failed at that point. The evid- ..ce does not support a conclusion that its character was ever changed to become a will.