196 So.2d 479 (1967)
Marion GOTSHALL, Appellant,
v.
Carene Grant TAYLOR, a/k/a Corene Grant Taylor, First National Bank of Merritt Island and Janet Gotshall Brown, Appellees.
No. 713.
District Court of Appeal of Florida. Fourth District.
March 21, 1967.
*480 Charles M. Harris, of Crofton, Brewer, Holland, Starling & Goshorn, Titusville, for appellant.
Robert B. McGregor, Cocoa Beach, for appellee Taylor.
Tom G. Burrows, of Raymond, Wilson, Karl & Conway, Merritt Island, for appellee Bank.
Edward M. Jackson, of Jackson & Jackson, Cocoa, for appellee Brown.
CROSS, Judge.
Plaintiff (appellant) Marion Gotshall, appeals a final summary decree entered for defendants (appellees) Carene Grant Taylor, a/k/a Corene Grant Taylor, and First National Bank of Merritt Island, and the intervenor, Janet Gotshall Brown, rendering a deed from a husband without consideration through a straw man to himself and his wife conveying homestead property void ab initio as to the rights of a homestead beneficiary.
James E. Gotshall was first married to Mary Janet Gotshall and they with their adopted child, the intervenor, Janet Gotshall Brown, lived on the property which is the subject matter of this litigation. The property was owned solely by James E. Gotshall. James' wife, Mary, died in November, 1941, and Janet, the daughter, later married and moved away from the property.
Mr. Gotshall continued to live on the property and in 1948 remarried, this time to Marion Gotshall, and they lived on the property as a homestead. On August 18, 1949, James E. Gotshall joined by Marion Gotshall, his wife, attempted to convey the subject property without consideration other than the relationship of husband and wife through a straw man to James E. Gotshall and Marion Gotshall as an estate by the entireties. In August, 1952, marital problems arose between James E. Gotshall and Marion Gotshall, and as a result of this Marion Gotshall left the property. On December 3, 1959, James E. Gotshall was granted a divorce from Marion Gotshall. The final decree of divorce made no provision concerning the property rights. Mr. Gotshall continued to live on the property alone after his wife had left until he was admitted to a state hospital in 1961, where he died in 1964.
After the death of James E. Gotshall and during the probate of his estate, his daughter, the intervenor, Janet Gotshall Brown, as the decedent's only child and heir, joined by her husband, conveyed the property to defendant, Corene Grant Taylor. Corene Taylor then mortgaged the subject property to the defendant, First National Bank of Merritt Island.
On May 11, 1965, Marion Gotshall brought suit to partition the property relying on the validity of the conveyance through the straw man. On motion for summary decree the trial court determined the deed void ab initio and that plaintiff had no title to the property and entered a final summary decree for defendants, and it is from this decree the plaintiff appeals.
Plaintiff contends that, since the rights of homestead beneficiaries do not vest until the death of the head of the household, the deed is not void ab initio, and, since the homestead terminated before the death of the head of the household, no right vested in the adopted daughter, and therefore the deed to the wife is valid and effective.
*481 The Supreme Court of Florida in Bess v. Anderson, 1931, 102 Fla. 1127, 136 So. 898, stated:
"The Constitution (art. 10, § 1) provides that the homestead `real estate shall not be alienable without the joint consent of husband and wife, when that relation exists.' Where a husband and wife without consideration purport to convey the husband's homestead real estate to a third person as trustee, who as trustee on the same day and without consideration makes a purported conveyance of the same land to the same husband and wife, for the purpose of vesting an estate by the entireties in the homestead land in the husband and wife, such purported conveyances are not such an alienation of the homestead real estate as is permitted by the Constitution; and they are ineffectual to convey the homestead land or to create an estate by the entireties in the homestead real estate. See Jackson v. Jackson, 90 Fla. 563, 107 So. 255; Norton v. Baya et al., 88 Fla. 1, 102 So. 361. * * *" (Emphasis added.)
And again, in Norman v. Kannon, 1938, 133 Fla. 710, 182 So. 903, at page 905, the Supreme Court stated:
"The Constitution expressly provides that the homestead `real estate shall not be alienable without the joint consent of husband and wife, when that relation exists'; and that `the holder of a homestead' may alienate `his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists,' and that such homestead exemptions `shall inure to the widow and heirs of the party entitled to such exemption.' The alienation of the homestead contemplated by the Constitution is not a conveyance without consideration by the owner of the homestead directly to his wife, or by the husband and wife joining in a conveyance without consideration, to a third person who reconveys the same property without consideration to the wife alone or to the husband and wife as tenants by the entireties.
"Such a conveyance cannot be effectual because it would violate the organic command that the homestead exemptions `shall inure to the widow and heirs of the party entitled to such exemption.' Norton v. Baya, 88 Fla. 1, 102 So. 361; Thomas v. Craft, 55 Fla. 842, 46 So. 594, 15 Ann. Cas. 1118; Jackson v. Jackson, 90 Fla. 563, 107 So. 255; Hutchinson v. Stone, 79 Fla. 157, 84 So. 151." (Emphasis added.)
The use of the word "ineffectual" or the phrase "cannot be effectual" as emphasized above indicate that the conveyance is void ab initio since the words "ineffectual" and "cannot be effectual" mean "vain, fruitless, unavailing, futile, * * * `useless.'" First National Bank v. Mills, 1928, 134 Okla. 186, 272 P. 840, 843.
In Reed v. Fain, Fla. 1962, 145 So.2d 858, the court determined clearly and explicitly that the voluntary alienation of a homestead in derogation of the implied restraints imposed by the Constitution is a nullity and the attempt is void. Upon reaching this conclusion the court also pronounced that the statute of limitations is inapplicable to void deeds.
The word "nullity" means in law a void act or an act having no legal force or validity; invalid; null. Bowles v. Indianapolis Railways, D.C.S.D.Ind. 1946, 64 F. Supp. 865, 870.
If the requirements of the Constitution and the statutes are not complied with in alienating homestead real estate, the attempt is a nullity as to the heirs of the homestead, and also as to a husband and wife and between them and between the parties and is void ab initio, and subsequent events will not breathe life into it
Affirmed.
WALDEN, C.J., and WHITE, JOSEPH S., Associate Judge, concur.