L. MARGARET HART, JOINED BY HER HUSBAND, JOSEPH M. HART, *Appellants*, v. GULF FERTILIZER COMPANY, A CORPORATION, AND W. C. SPENCER, SHERIFF OF HILLSBOROUGH COUNTY, FLORIDA, *Appellees*.

Division B.

Opinion Filed May 24, 1926.

*E. L. Bryan*, for Appellants;

*W. C. Brocker*, for Appellees.

WHITFIELD, P. J.—L. Margaret Hart, joined by her husband, filed a bill of complaint against The Gulf Fertilizer Company, a Corporation, and W. C. Spencer, Sheriff of Hillsborough County, Florida, alleging that L. Margaret Hart is the owner in fee simple of Lot 5, Block 1, Bungalow City Addition, Hillsborough County, Florida; that on December 18, 1923, The Gulf Fertilizer Company obtained a judgment against W. J. Trowell and another for $1524.60; that on the same day an execution was issued on the judgment and placed in the hands of the sheriff and levied upon the described property; that the property is being advertised for sale, and that a sale of the land under the execu-

tion would create a cloud upon complainant's title to the land; that complainant purchased and took possession of the property in October, 1923, before the rendition of the judgment referred to. A temporary and a permanent injunction were prayed. A temporary injunction was granted. Upon further proceedings, the bill of complaint was dismissed and the complainants appealed.

By answer the defendant avers that on June 25, 1923, subsequent to the institution of the aforesaid action at law, W. J. Trowell and his wife conveyed the property to D. L. Carlton; that on July 5, 1923, the defendant had the property attached; that on October 22, 1923, D. L. Carlton, joined by her husband, conveyed the property to Victoria Trowell, the wife of W. J. Trowell; that the conveyance by Victoria Trowell and her husband to the complainant, L. Margaret Hart, was not of record at the time of the entry of the aforesaid judgment; that the conveyance to D. L. Carlton was without consideration and made in fraud with the intent to delay, hinder and defraud creditors, particularly the defendant; that the conveyance by D. L. Carlton and husband to Victoria Trowell was without consideration and made in fraud.

It appears by the record that when the indebtedness was incurred, when the attachment was levied and when the judgment was rendered, the property was the home of W. J. Trowell and his family, the title being in him; that while the family was absent from the city and the home on account of fatal sickness of two of the children, the family furniture remained stored in the house and the husband and father remained at the home, a part of which home was rented to others during the absence of the owner's wife and child; that when the owner's wife and child returned to the city, they found sickness in the home and temporarily took rooms elsewhere, the family furniture remaining in the home place till the place was conveyed for full consid-

eration to the complainant before judgment was rendered against W. J. Trowell for his indebtedness.

Under these circumstances the property was the homestead of the debtor and was not subject to process of attachment or execution; and a sale under the execution should have been permanently enjoined. Even if the lot on which the family home was built was paid for by the wife, the title was in the name of the husband, and it was not subject to process for his debts under Article X or Article XI, of the Constitution.

The voluntary conveyance of the homestead by W. J. Trowell and wife to D. L. Carlton and the voluntary conveyance by D. L. Carlton and husband to the wife of W. J. Trowell in pursuance of an agreement made at the time of the execution of the former deed was ineffectual (Norton v. Baya, 88 Fla. 1, 102 South. Rep. 361); and such conveyances are not important, since subsequently thereto W. J. Trowell and wife joined in a conveyance of the homestead to L. Margaret Hart for full consideration, which was effectual to pass the title free from the debts of W. J. Trowell.

Reversed for appropriate proceedings.

TERRELL AND BUFORD, J. J., concur;

BROWN, C. J., AND ELLIS, J., concur in the opinion.