NEVA S. NORMAN, as Executrix and as Trustee of the Estate of J. N. Joiner, deceased, and NEVA S. NORMAN, individually, *et vir,* v. CORA TANNER KANNON, *et vir;* LEONA BEATRICE ESTES, *et vir;* GLEN OZELA WEBSTER, *et vir;* INEZ ELIZABETH ODEL, *et vir,* plaintiffs herein, and FREDA ARLENE JOINER, single; and GILES LEWIS, as Guardian *Ad Litem* for J. N. Joiner, Jr., otherwise known as Jasper N. Joiner, Jr.; PLYMOUTH CITRUS GROWERS ASSOCIATION, a corporation; WINTER GARDEN CITRUS GROWERS ASSOCIATION, a corporation; SOUTH LAKE APOPKA CITRUS GROWERS ASSOCIATION, a corporation; and J. S. FAIRCHILD, certain defendants herein.

182 So. 903.
Opinion Filed July 29, 1938.

*George P. Garrett* and *Jack Hays,* for Appellants;

*Giles F. Lewis* and *Dickinson & Dickinson,* for Appellees.

WHITFIELD, J.—This appeal is from three orders in an equity suit respecting the management and settlement of the estate of J. N. Joiner, deceased, who by a will dated September 24, 1928, devised all of his property to his wife as executrix and trustee, there being both adult and minor children of the testator at his death who with the widow are beneficiaries under the will. One of the testator's children is of a prior marriage.

Before making his will on September 24, 1928, the testator, J. N. Joiner, owning a homestead in his sole right, joined by his wife, Neva S. Joiner, executed without obligation a deed' of conveyance covering his homestead real estate to a third person who on the following day without consideration reconveyed the property to the husband and wife as tenants by the entireties. The testator died April 21, 1929. The widow of the decedent married F. L. Norman in 1935, her name now being Neva S. Norman.

The law in force prior to the effective date of the Probate Act of 1933, Chapter 16103, Laws of Florida, Sections 5480 (1), *et seq.,* Perm. Supp. 1936 to C. G. L. governs this case.

Sections 1, 2 and 4, Article X, of the Constitution contain the following:

"Section 1: A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars' worth of personal property, and the improvements

on the real estate, shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. But no property shall be exempt from sale for taxes or assessments, or for the' payment of obligations, contracted for the purchase of said property, or for the erection or repair of improvements on the real estate exempted, or for house, field or other labor performed on the same. The exemption herein provided for in a city or town shall not extend to more improvements or buildings than the residence and business house of the owner; and no judgment or decree or execution shall be a lien upon exempted property except as provided in this article.

"Section 2: The exemption provided for in Section 1 shall inure to the widow and heirs of the party entitled to such exemption, and shall apply to all debts, except as specified in said section. * * *

"Section 4. Nothing in this article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists; nor if the holder be without children to prevent him or her from disposing of his or her homestead by will in a manner prescribed by law."

Section 5484 (3620) C. G. L. 1927, provides:

"Whenever a person who is the head of a family residing in this State, and having his homestead therein, shall die and leave a widow surviving him, but no children, the homestead shall descend to the widow and shall not be the subject of devise by last will and testament; but if there be any child or children surviving him, then the widow shall be entitled to dower or a child's part in such homestead, as she may elect to take a child's part, in other cases, and should she not elect to take a child's part, she shall be confined to

dower in such homestead property; but she may take, under the will such other property as may be given to her thereby or dower therein as she may elect. (Ch. 4730, Acts 1899, Sec. 1.)"

The bill of complaint was brought by some of the children of the testator who with others are beneficiaries under the will, against the executrix-trustee and other parties for an accounting and other relief stated in the prayer, including a cancellation of the deeds purporting to convey the homestead property to the wife of the decedent.

The order denying motions to dismiss the bill of complaint for want of equity was proper, since there are allegations that are sufficient as a predicate for appropriate equitable relief, even though the accounts filed by the executrix in the Probate Court of the County Judge are being there contested by the plaintiffs.

The lengthy answer of several defendants included a counterclaim by the defendant executrix-trustee predicated upon an asserted validity of the conveyance through a conduit of the testator's homestead to himself and wife as tenants by the entireties. An order striking the counterclaim was properly granted.

J. N. Joiner acquired his homestead in his sole right, and while living on the homestead with his family consisting of his wife and children, he, joined by his wife, executed, without consideration, a deed of conveyance covering the homestead real estate to J. S. Fairchild, who, on the following day executed, without consideration, a deed of conveyance to the same J. N. Joiner and wife as tenants by the entireties, covering the same homestead property.

If the homestead real estate had been acquired in the name of J. N. Joiner and his wife in fee simple as tenants by the entireties, and had so remained as a homestead occu-

pied by him and his wife and children, until his death, the widow at his death would have by law taken the entire property by right of survivorship; and there would be no homestead exemption in the property after the death of the husband, unless the widow became the head of the family and continued to occupy the property with her family as a homestead; and if not duly alienated by her, the property would at her death inure or descend to *her* heirs.

But after the property was acquired by the husband in his sole right, and it became his homestead, occupied by him and his wife and children, he, joined by his wife, could not then convey the homestead real estate to a third person without consideration, and such third person reconvey the same property without consideration to the husband and wife as tenants by the entireties, so as to give the wife, upon the death of the husband, a title to the entire homestead property by right of survivorship, without violating Sections 1, 2 and 4, Article X, of the Florida Constitution. Bess v. Anderson, 102 Fla. 1127, 136 So. 898.

The Constitution expressly provides that the homestead "real estate shall not be alienable without the joint consent of husband and wife, when that relation exists * * *;" and that "the holder of a homestead" may alienate "his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists," and that such homestead exemptions "shall inure to the widow and heirs of the party entitled to such exemption." The alienation of the homestead contemplated by the Constitution is not a conveyance without consideration by the owner of the homestead directly to his wife, or by the husband and wife joining in a conveyance without consideration, to a third person who reconveys the same property without consideration to the wife alone or to the husband and wife as tenants by the entireties.

Such a conveyance cannot be effectual because it would violate the organic command that the homestead exemptions "shall inure to the widow and heirs of the party entitled to such exemption." Norton v. Baya, 88 Fla. 1, 102 So. 361; Thomas v. Craft, 55 Fla. 842, 46 So. 594, 15 Am. Cas. 1118; Jackson v. Jackson, 90 Fla. 563, 107 So. 255; Hutchinson v. Stone, 79 Fla. 157, 84 So. 151.

If a permissible conveyance of a homestead for a proper consideration is duly made, the consideration takes the place of the exempted property and the Constitution may not thereby be violated. Such conveyances of homesteads serve the public policy of a limited exercise of the natural right of alienation and preserves the organic homestead exemption for the protection of the family. Hart v. Gulf Fertilizer Co., 91 Fla. 991, 108 So. 886; Byrd v. Byrd, 73 Fla. 322, 74 So. 313; Wright v. Wright, 75 Fla. 7, 77 So. 616; Shad v. Smith, 74 Fla. 324, 76 So. 897.

In Daniels v. Mercer, 105 Fla. 362, 141 So. 189, a consideration was paid for the conveyance to some of the children under circumstances that did not violate the Constitution or the applicable statute.

In Rawlins v. The Dade Lumber Company, 80 Fla. 398, 86 So. 334, there were no children and the husband left the wife alone on the homestead and then conveyed it to her.

It does not clearly appear that the Chancellor erred in permitting one amendment to the answer and counterclaim and in denying another amendment. As the accounting progresses appropriate amendments may be made to meet proper evidence that may be adduced.

The will gave to the executrix-trustee authority to carry out the provisions of the will "according to her best judgment and discretion" with an exception not necessary to be here stated.

A court of equity has jurisdiction to require an accounting to the end that the rights of the beneficiaries of the will be protected against violations of the will, making appropriate allowance for a fair and just exercise by the executrix-trustee of "her best judgment and discretion," as provided by the will.

The orders appealed from are affirmed and the cause is remanded for further proceedings not inconsistent with the opinion of this Court filed herein.

It is so ordered.

ELLIS, C. J., and BROWN, BUFORD and CHAPMAN, J. J., concur.