HOBSON, Chief Justice
(dissenting).
I am forced to dissent from the majority opinion.
It is true that the learned Chancellor found as a matter of fact that the property involved in this litigation “never while the same was owned by Doris Morley Pass-more, acquired the status of the homestead or head of a family so as to prohibit its disposition by the will of the said Doris Morley Passmore.” However, it is my firm conviction that the able Chancellor misconceived the legal effect of the evidence.
In the case of Norman v. Kannon, 133 Fla. 710, 182 So. 903, 905, “If the homestead real estate had been acquired in the name of J. N. Joiner and his wife in fee simple as tenants by the entireties, and had so remained as a homestead occupied by him and his wife and children, until his death, the widow at his death would have by law taken the entire property by right of sur-vivorship; and there would be no homestead exemption in the property after the death of the husband, unless the zmdow became the head of the family and continued to occupy the property with her family as a homestead (italics supplied) ; and 'if not duly alienated by her, the property would at her death inure or descend to her heirs.”
Peter Still Passmore was the adopted son of Doris Morley Passmore and her husband Colonel Lyman Passmore. At the time of the death of Colonel Passmore and likewise upon the date of Mrs. Passmore’s death, the appellant still occupied the status of an adopted minor child. Colonel Passmore during his lifetime, was primarily responsible as a matter of law for the maintenance .and support of Peter. Even before Colonel Passmore’s death Mrs. Passmore was secondarily liable for the child’s support and maintenance. After the death of Colonel Passmore, Mrs. Passmore became primarily liable and her obligation under the law to provide a home and subsistence for Peter was not voided, regardless of the fact that he was an errant lad and ofttimes found himself in the toils of the law. At times he was restrained of his liberty by incarceration in different juvenile reformatories and, of necessity, was absent from the family home. In my opinion, the child’s enforced or voluntary absence from the home, which was provided for him as at least an obligation of the law by virtue of the duty of a parent to provide for the maintenance and support of a minor, did not justify the finding that Mrs. Passmore after the death of her husband did not continue “to occupy the property with her family as a homestead.” The lad lived in the home with Colonel and Mrs. Passmore before the former’s death and had a legal right to live there after Colonel Passmore’s death. Were we to affirm the final decree from which this appeal is being prosecuted it would be tantamount, in my judgment, to holding that homestead property, once it loses its character as such by virtue of the death of the head of the family, cannot be reinvested with homestead character if the child or children of the parties should be away in school, or in another climate because of ill health, unless such child or children should return in fact to the home and live with their mother — the surviving spouse. The mere fact that a child may have departed from the norm and been guilty of violation of the law is not sufficient justification, in my judgment, for holding that he is not still a member of the family, although not actually at any time living in the home to which as a matter of law he has the right to return and the mother "has the duty to welcome and maintain him.
It is unfortunate that 'the child is evidently incorrigible. We do not know who may have been responsible for his derelictions.
Nevertheless, the fact remains that he is the (adopted) son of Colonel and Mrs. Passmore, now deceased. Their responsibility toward him was as great during the lifetime of each as it would have been had he been born to their marriage. All homestead exemptions are founded upon the laudible desire to have the home protected so that it may be available as a .shelter or haven for the family. Certainly it cannot be said that this lad, who is still a minor, *302 can be charged with having abandoned the family home, nor did he relieve,-if indeed he could have relieved, his adoptive mother of her duty under the law to' provide him with the necessities of life, including the shelter of a home.
THOMAS and ROBERTS, TJ., concur.