HORTON, Judge.
Appellant was the second wife and surviving widow of one L. P. Porter, deceased. The appellee is the daughter of the deceased by his first wife.
In 1940, L. P. Porter and Ada B. Porter, his wife, purchased and took title to certain real property as an estate by the entireties. They lived upon the property as husband and wife from the date of the purchase until the death of Ada B. Porter on March 2, 1946. The appellee here married on September 30, 1945. The decedent on June 1, 1947 married the appellant and they both took up residence on the property in question and remained there until the death of L. P. Porter on November 1, 1961. After the marriage of L. P. Porter to the appellant, but prior to his death, he sought by a scries of conveyances to vest the title to the property in himself and appellant as an estate by the entireties through the use of a conduit. After the death of L. P. Porter the appellant deeded the property to Carolyn S. Koch who in turn with her husband reconveyed the property to the appellant. This action was brought by the appellee to nullify and void the conveyances made by L. P. Porter and the appellant to and from the conduit as well as the conveyances made after the death of L. P. Porter. Admittedly there was no consideration moving from the conduit to L. P. Porter and the appellant, or from L. P. Porter and the appellant to the conduit in the reconveyance. The chancellor concluded that the conveyances were null and void both before and after the death of L. P. Porter. The appellant contends that prior to her marriage to L. P. Porter, the deceased had advanced the appellee almost $12,000 to purchase a home and that such advance was consideration for the conveyances. The appellees argue that upon the marriage of L. P. Porter to the appellant and their continued residence upon the property until his death revived the homestead character of the property so that it could not be alienated without consideration. We conclude that the ap-pellee’s contentions are meritorious and we affirm.
Section 1, Article 10 of the Constitution of Florida, F.S.A., provides for the exemption of a homestead owned by the head of a family residing in this State and prohibits its alienation without the joint consent of husband and wife when that relationship exists. This alienation or conveyance contemplated by the constitution is not one without consideration, consequently, a conveyance without consideration cannot be effectual because it would violate the organic command that the homestead “shall inure to the widow and heirs of the party entitled to such exemption * * In this instance when Ada B. Porter died subsequent to the marriage and removal of the ap-pellee daughter from the premises, the title then held by the entireties vested solely in L. P. Porter as surviving tenant to the exclusion of his heirs. See: Menendez v. Rodriguez, 106 Fla. 214, 143 So. 223 and Denham v. Sexton, Fla., 48 So.2d 416, 418. However, upon his marriage to the appellant and the resumption of residence with her on the property, the homestead character of the property was revived. See: *303 Norman v. Kannon, 133 Fla. 70, 182 So. 903, 903. This character continued until the death of the said L. P. Porter for it is clear that no conveyance for consideration recognized within the constitutional limitations was made or effected. In this instance upon the death of L. P. Porter, the surviving widow, the appellant, took a life estate in the homestead property with vested remainder in the lineal descendants in being at the time of his death. 731.27 Fla.Stat., F.S.A.
The decree appealed is affirmed.