246 So.2d 574 (1971)
Josephine BENDL, Appellant,
v.
Christine J. BENDL, Appellee.
No. 70-667.
District Court of Appeal of Florida, Third District.
April 13, 1971.
*575 Faunce, Fink & Forman, Miami, for appellant.
Truett & Watkins and Joseph H. Ganz, Miami, for appellee.
Before CHARLES CARROLL and SWANN, JJ., and DREW, E. HARRIS, Associate Judge.
SWANN, Judge.
Defendant, Josephine Bendl, appeals from the final decree as amended in a partition suit filed by the plaintiff, Christine Bendl. The parties have stipulated as to certain facts involved in the appeal. Rule 3.6(h), F.A.R., 32 F.S.A.
*576 The pertinent stipulated facts show that Charles Bendl had two wives. Charles and his first wife, Christine (plaintiff), acquired title as an estate by the entirety to real property in Dade County, Florida. Their marriage was unsuccessful and they were divorced in 1959 with the result that Charles and the plaintiff, Christine, became tenants in common in the ownership of the real property in question. § 689.15, Fla. Stat., F.S.A.
On July 6, 1960 Charles married the defendant, Josephine, and with her took up residence as the head of the family in the home on the property which he owned in common with his former wife, Christine. It is stipulated that Charles' undivided interest in the property was homestead from the date of his marriage to Josephine until his death. See Bessemer Properties, Inc. v. Gamble, 158 Fla. 38, 27 So.2d 832 (1946). In 1963 Christine obtained and recorded a final money judgment against Charles based on unpaid alimony awarded to her in their divorce decree. The recorded judgment was not paid during Charles' lifetime and the property continued to be owned as tenants in common by Charles and the plaintiff, Christine.
After adoption of the Revised Florida Constitution of 1968, Charles and his second wife, Josephine, executed and recorded a deed conveying title to the property to themselves as an estate by the entirety. See Winchester v. Wells, 265 F.2d 405 (5th Cir.1959). Charles died on June 19, 1969 and title to the property then vested in:
A. Christine (the plaintiff) as to an undivided half; and
B. Josephine (the defendant) as to an undivided half.
Plaintiff, Christine, commenced this action to partition the property in question and to cause it to be sold in order to divide the interests of the parties. Christine also sought to have the judgment secured and recorded by her against Charles enforced against the interest of the defendant, Josephine, in the property.
The trial court ruled that plaintiff [Christine] and defendant [Josephine] were tenants in common, each owning an undivided half interest in the property, and ordered its sale since the property was indivisible. Neither of the parties object or complain on appeal about this ruling. The court also held Christine's recorded judgment against Charles to be a lien upon the proceeds to be received by the defendant Josephine after the partition sale took place. This ruling is the sole point argued by the defendant Josephine as error in this appeal.
The stipulated facts show no children or lineal descendants involved in this dispute. No challenge is made, on any ground, to the legality of the deed in 1969 which created an estate by the entireties between Charles and Josephine in his undivided half interest in the property. Such conveyances may be valid and proper to create an estate by the entirety. § 689.11(1), Fla. Stat., F.S.A.
Charles, therefore, properly and legally conveyed title to his undivided half interest in the property to himself and Josephine as an estate by the entirety during his lifetime. The parties agree that the property was "homestead" during the lifetime of Charles and for this reason apparently there was never any attempt made by Christine to levy upon the property. Cf. Hill v. First National Bank, 73 Fla. 1092, 75 So. 614 (1917); and Morgan v. Bailey, 90 Fla. 47, 105 So. 143 (1925).
The question that first arises is, did the ownership and interest in this property pass upon the death of Charles to Josephine as "homestead" or by operation of law? If the property passed to Josephine as the "homestead" of Charles, the right to an exemption would inure to Josephine as surviving spouse. Article X, Section 4(b), Florida Constitution 1968, F.S.A.
Property held as an estate by the entirety, as here, does not pass by descent but vests by operation of law in the surviving *577 spouse upon the death of the co-owner, even though occupied during the lifetime of both parties as a homestead. Regero v. Daugherty, Fla. 1954, 69 So.2d 178; Wilson v. Florida Nat. Bank & Trust Co. at Miami, Fla. 1953, 64 So.2d 309; Denham v. Sexton, Fla. 1950, 48 So.2d 416; Knapp v. Fredricksen, 148 Fla. 311, 4 So.2d 251 (1941); Norman v. Kannon, 133 Fla. 710, 182 So. 903 (1938); and 17 Fla.Jur. Husband and Wife § 25.
In Kinney v. Mosher, Fla.App. 1958, 100 So.2d 644, it was said that upon the death of the co-owner property held by the entireties was "not subject to descent under the constitutional or statutory provisions controlling descent of homestead property". See also 16 Fla.Jur. Homestead § 24.
Upon the death of Charles the right to homestead exemption in this property ceased and there has been no showing that the homestead status of the property was ever regained by Josephine. See Regero v. Daugherty, and Norman v. Kannon, supra. The property did not pass to Josephine as "homestead" but vested in her by operation of law and she would not be entitled to claim a "homestead exemption" which existed in Charles but which ceased upon his death. Menendez v. Rodriguez, 106 Fla. 214, 143 So. 223 (1932).
The judgment against Charles was recorded in Dade County, Florida after the property was concededly occupied by him as homestead. See § 55.10, Fla. Stat. Such judgments are not liens upon real property which is exempt from forced sale as homestead. Article X, Section 4(a), Florida Constitution 1968; Article X, Section 1, Florida Constitution 1885; and 19 Fla.Jur. Judgments and Decrees §§ 188 and 208.
In an estate by the entirety there is in contemplation of law but one estate and it is held by husband and wife as one person. Naurison v. Nuarison, Fla.App. 1961, 132 So.2d 623. The surviving spouse of an estate by the entirety takes no new estate but the whole estate vests by operation of law in the survivor. 17 Fla.Jur. Husband and Wife § 25.
Since the Florida Constitutions of 1885 and 1968 mandate that such judgments are not a lien upon homestead property it follows that no lien could exist against this property until it lost its homestead exemption which occurred at the time of the death of Charles. At the same time, however, the entire interest and ownership of the property vested by operation of law in the survivor (Josephine). She did not receive a moiety, or half interest upon the death of Charles but the entire estate. The entire property as an estate by the entirety was exempt from levy to satisfy the judgment against Charles individually during his lifetime. Ohio Butterine Co. v. Hargrave, 79 Fla. 458, 84 So. 376 (1920); and English v. English, 66 Fla. 427, 63 So. 822 (1913).
Accordingly, we hold that Josephine's undivided half interest in the property is held by her as the surviving spouse of an estate by the entirety and as such it is not available to satisfy, or answer for, the judgment debts of Charles individually after his death.[1] See United States v. *578 American Nat. Bank, 255 F.2d 504 (5th Cir.1958); and 75 A.L.R.2d 1172, 1175.
That part of the final decree, as amended, which held Christine's judgment against Charles to be a lien upon Josephine's half interest in the proceeds to be derived from the partition sale was improper and is reversed and the cause remanded for further action consistent herewith.
It is so Ordered.
NOTES
[1] Crosby & Miller in their article, Our Legal Chameleon, The Florida Homestead Exemption, 2 Fla.L.R. 12, 33 (1949), said of estates by the entirety:

"Such property cannot be sold to pay the separate debts of either spouse while they are both living, nor does any interest or right of the deceased spouse remain to be levied upon when he or she dies."
The same article states at P. 35:
"* * * [W]hen the head of a family dies, an estate held by the two spouses as tenants by the entirety remains free from liability for the debts of the decedent, not because his [homestead] exemption passes but rather because property of another, namely, the surviving spouse, cannot be sold to pay his separate debts."
See also Starling, The Tenancy By The Entireties in Florida, 14 Fla.L.R. 111, 140-41 (1961).