**In the Matter of Henrietta WARE, a/k/a Henrietta Duvall, d/b/a Etta Ware Real Estate, Debtor.**

**Henrietta WARE, a/k/a Henrietta Duvall, d/b/a Etta Ware Real Estate, Plaintiff,**

**v.**

**Hui–Chun MI, Su Yuan Mi, Defendants.**

**Bankruptcy No. 88–1253–8B3.
Adv. No. 88–438.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 1, 1989.

C.L. Turner, Tampa, Fla., for plaintiff.

S. Arcuri, Tampa, Fla., for defendants.

**ORDER ON MOTION TO DISMISS ADVERSARY PROCEEDING**

THOMAS E. BAYNES, Jr.,
Bankruptcy Judge.

THIS CAUSE came on for consideration upon the Motion to Dismiss the above-captioned adversary proceeding filed by Hui–Chun Mi and Su Yuan Mi (Defendants).

The Court reviewed the Motion and heard argument of counsel and finds the following facts:

The Debtor, a real estate broker, owns three parcels of real estate. One parcel of real estate, Grove Park, is rental property and fully mortgaged. The other parcel is claimed as homestead. The third parcel, Sylvester Shores, is located in Polk County, Florida and is the focus of this Court's attention. Sylvester Shores was purchased in September, 1984 by the Debtor and Mr. Rufus Duvall. The Debtor and Mr. Duvall were not married at the time the deed was executed but eventually married several months later. Four years hence, on January 6, 1988, the Defendants obtained a final judgment in the amount of $48,000 against the Debtor only predicated on fraud surrounding the purchase of the Defendants' home. On January 12, 1988, the judgment was recorded in Polk County. On January 14th the Debtor and her husband executed a quit claim deed to "Rufus C. Duvall and Henrietta Duvall, his wife" on the Sylvester Shores property attempting to create an estate by the entireties. The deed was recorded on January 18, 1988. On March 8, 1988, the Debtor filed a Chapter 13 Petition in the United States Bankruptcy Court in Tampa, Florida. A Chapter 13 Plan filed on March 17 listed the Defendants' final judgment as unsecured. The Debtor's Schedules depicted the Sylvester Shores property as exempt by virtue of the form of ownership, i.e. tenants by the entireties.

The Defendants filed a motion to dismiss the general case based, inter alia, on bad faith filing and fraud. The motion to dismiss was subsequently denied.

Next, the Debtor filed a two-count Complaint in this adversary proceeding to avoid preferential transfer and to determine validity and extent of lien, i.e. Defendant's judgment. Count I of the Complaint alleged the filing of the final judgment in Polk County in January, 1988 was a preferential transfer.

Count Two alleged the final judgment dated January 6, 1988 was entered only against the Debtor and not against the Debtor's husband, Rufus Duvall. Any lien asserted by the Defendants is invalid and of no value contends the Debtor.

The Defendants' Motion to Dismiss the adversary proceeding alleges:

(1) The Complaint fails to state a certified copy of the final judgment was recorded in Polk County, Florida and the date of recordation.

(2) The Complaint fails to state the Plaintiff owned real estate in Polk County, Florida which was in any way affected by the recordation of the final judgment.

(3) The Complaint fails to state a certified copy of the final judgment was recorded in St. Lucie County, Florida and the date of recordation.

(4) The Complaint fails to state the Plaintiff owned real estate in St. Lucie County, Florida which was in any way affected by the recordation of the final judgment.

Finally, the Defendants moved the Court to dismiss the Complaint for lack of standing.

The Defendants filed a motion for authority to bring fraudulent transfer action on behalf of the estate in the general case inasmuch as the Chapter 13 Trustee will not pursue the matter. In their motion, the Defendants allege a fraudulent transfer of property was made by the Debtor within one year prior to the bankruptcy. Specifically, the Sylvester Shores property owned by the Debtor and her spouse as tenants in common was transferred to the Debtor and her spouse as tenants by the entireties after the final judgment was recorded. As noted, the Debtor has claimed the property as exempt due to its ownership form. The Defendants argue the fraudulent transfer action is necessary since the Debtor is now attempting to void the judgment lien through a Section 547 preferential transfer action which could place the real estate beyond the reach of Defendants. The Defendants further argue the injustice in allowing the Debtor to bring a preferential transfer action to avoid their judgment while their hands are tied from pursuing a fraudulent transfer action against the Debtor.

Based upon this Court's review of the record, the relevant chain of events as to the motion to dismiss as well as the motion for authority to bring a fraudulent transfer action are summarized as follows:

| DATE | EVENT |
|---|---|
| (1) 1984 | Sylvester Shores purchased by Debtor and Mr. Duvall as tenants in common prior to their marriage in 1984 |
| (2) 1–06–88 | Creditor obtains final judgment |
| (3) 1–12–88 | Final judgment recorded in Polk County |
| (4) 1–14–88 | Debtor executes quit claim deed creating tenants by the entireties with Mr. Duvall, husband |
| (5) 1–18–88 | Quit claim deed recorded |
| (6) 3–08–88 | Debtor filed Chapter 13 bankruptcy petition |

■ When considering a motion to dismiss, the Court may accept the well-pled allegations as true and construe the Complaint in the light most favorable to the non-moving party. Count I of the Complaint alleges the Defendants filed final judgments against the Debtor within ninety (90) days before the petition was filed as well as after the bankruptcy case commenced. These allegations, taken as true, sufficiently state a cause of action for avoiding the transfer of the Debtor's property in Bankruptcy.

■ Count two of the Complaint was brought to determine the validity and extent of any lien claimed by the Defendants. Count two alleges the January 6, 1988 final judgment was entered against the Debtor only and not against the Debtor's husband. The Complaint does not allege the Debtor owns property concurrently with her husband, however this point has been established elsewhere in the record. One final point raised by the Defendants in their Motion to Dismiss was the Debtor's lack of standing to bring the Complaint. The Court finds the Debtor indeed has standing. In so ruling, the Court concurs with the Court's decision in *In the Matter of Coan*, 72 B.R. 483, 485 (Bankr.M.D.Fl.1987) and *In re Hall*, 26 B.R. 10 (Bankr.M.D.Fl. 1982) and the cases cited therein which hold a Chapter 13 Debtor is empowered with the ability to exercise the trustee's avoidance powers. These Courts relied on Section 103 of the Bankruptcy Code which states the provisions of Chapter 5 of the Bankruptcy Code are provisions of general applicability and apply to any case filed under Chapter 7, Chapter 11, Chapter 12, or Chapter 13. *Coan, supra* at 485. Thus, the Chapter 13 debtor may exercise the avoiding powers of the trustee enumerated in Section 547. Based upon the foregoing, this Court finds the Motion to Dismiss should be denied.

■ The Court has considered the Defendants motion for authority to bring a fraudulent transfer action on behalf of the estate but made a separate ruling on the motion in the general case. In ruling on the motion for authority to bring a fraudulent transfer action, the Court relied on *In re Milam*, 37 B.R. 865 (Bankr.N.D.Ga. 1984). Notwithstanding that ruling, the Court would acknowledge the legal effect of the alleged transactions as to whether the Debtor can create an exemption in property after a lien attaches to the property.

Under Florida law, the Debtor and Mr. Duvall were tenants in common at the time they obtained ownership to the Sylvester Shores property, each owning a one-half (½) undivided interest. Fla.Stat. § 689.15 (1987). Defendants' final judgment against the Debtor was a judgment lien and attached to the Debtor's one-half (½) interest upon the recording of a certified copy of the judgment in Polk County, the county in which Sylvester Shores is located. Fla. Stat. § 55.10 (1987). The Debtor and her husband subsequently executed a quit claim deed creating tenants by the entireties; the legal effect of which was to transfer the property so that each was seized per tout et non per my [there is but one estate, and in contemplation of law it is held by but one person]. *Bailey v. Smith*, 89 Fla. 303, 103 So. 833 (1925). A judgment lien under Florida law cannot attach to entireties property unless the judgment was against both the husband and the wife. *In re Blum*, 39 B.R. 897, 899 (Bankr.S.D.

Fla.1984) citing *Hunt v. Covington*, 145 Fla. 706, 200 So. 76 (1941). Since the judgment in this case was clearly against only the Debtor and not her husband, it would appear the judgment lien cannot attach to the husband's interest.

The transfer of ownership to tenants by the entireties has the same legal effect in bankruptcy. Pursuant to Section 522(b)(2)(B) the Debtor may exempt from her estate "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable non-bankruptcy law."

However, this judicial lien would survive. Under bankruptcy and Florida law, the material time which determines whether a lien will prevail over a claim to a homestead exemption is that of the attachment of the lien. *See, In re Russell*, 60 B.R. 190, 193 (Bankr.M.D.Fl.1986) citing *First National Bank v. Peel*, 107 Fla. 413, 145 So. 177 (Fla.1932). In this case, the judgment lien precedes the tenancy by the entireties. As such, it remains a valid and enforceable lien as to the Debtor as well as her husband inasmuch as the Debtor's husband took his entireties interest subject to the lien. *See*, Fla.Stat. § 689.11, cf. *Russell* at 193. The Court distinguishes this case from *Bendl v. Bendl*, 246 So.2d 574 (1971). In *Bendl* a husband conveyed homestead property to himself and his wife as tenants by the entireties. A judgment creditor's lien was recorded prior to the conveyance but could not be levied upon due to the homestead status of the property. Upon the death of the husband, the Court held the wife took the property free and clear of the lien. In the instant case, the recorded judgment lien could have been levied upon prior to the conveyance inasmuch as the parties admit the property is not homestead. Therefore, the lien which attached to the Debtor's one-half interest as tenants in common also attached to her husband's entireties interest in the post-judgment conveyance. As such, the judgment creditor could levy against the entire property.

By this Court's observation, Count II of the Complaint may have been determined. However, since this cause is only on the Motion to Dismiss, the Court will await this question for the final evidentiary hearing.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED the Motion to Dismiss be, and the same is hereby, denied. Defendants shall have twenty (20) days from entry of this order to file their answer and affirmative defenses. It is further

ORDERED, ADJUDGED AND DECREED a final evidentiary hearing on the Complaint is scheduled for August 9, 1989 at 1:30 p.m.

DONE AND ORDERED.