ALTENBERND, Judge.
The copersonal representatives of Paul F. Grant’s estate appeal an order denying the estate’s petition for delivery of certain personal property that they maintain should be included within the estate. We affirm the order because the copersonal representatives failed to allege and prove that the personal property was property of Paul Grant’s estate.
Paul Grant died on July 23, 1988, at the age of seventy-eight. He was survived by his wife of twenty years, Helen Grant, and also by his two adult children from a former marriage, William and Mary. His children are his copersonal representatives. During the pendency of this appeal, Helen Grant died and her estate has been substituted as the appellee.
Before Paul Grant died, he and his wife lived in a condominium unit which they owned by the entireties. Prior to Mr. Grant’s death, however, Mrs. Grant entered a nursing home. Since the unit was owned by the entireties, it became Mrs. Grant’s sole property as a matter of law *209 when Mr. Grant died. Bendl v. Bendl, 246 So.2d 574 (Fla. 3d DCA 1971).
Soon after Mr. Grant died, Mrs. Grant arranged to have thirty-one items of personal property removed from the unoccupied condominium unit. These items were silver table accessories, decorative items, crystal, and other household furnishings. Mrs. Grant maintained that these items were either her sole property, or property which had been owned by the entireties during Mr. Grant’s life.
In July 1988, the copersonal representatives petitioned the probate court for an order requiring Mrs. Grant to deliver this personal property to them on the theory that it was estate property. The petition does not allege that the property was owned by Mr. Grant at the time of his death. Instead, it merely alleges that the property was located in the marital home, i.e., the condominium unit, at the time of his death.
The copersonal representatives incorrectly believe that all personal property in the condominium unit, or at least all personal property owned either by Mr. or Mrs. Grant, became property of Mr. Grant’s estate at his death. Their legal argument is based upon an erroneous reading of the “exempt property” provision in the probate code. § 732.402, Fla.Stat. (1987). The exempt property statute states, in part:
(2) Exempt property shall consist of:
(a) Household furniture, furnishings, and appliances in the decedent’s usual place of abode up to a net value of $10,-000 as of the date of death;....
§ 732.402(2)(a), Fla.Stat. (1987).
This statute is intended to protect the surviving spouse and children by preserving a portion of the decedent’s estate against the claims of unsecured creditors.[1] In order to invoke the statute’s protection, a surviving family member is required to file a timely petition for determination of exempt property.[2]
Because the personal property involved in this case is household furnishings and was in Mr. Grant’s usual place of abode at the time of his death, the copersonal representatives maintain that this property is subject to administration. Under their the-0ITi Mrs. Grant could have preserved her rights in this property only if she had timety filed a petition for determination of ex-emPt property. Since Mrs. Grant did not ñ]e such a petition, the copersonal representatives maintain that she has waived any right to claim her ownership in this property.
A personal representative does have a right to take possession of certain property of the decedent. If a beneficiary or other person has possession of estate property and will not return it voluntarily, the personal representative is entitled to maintain an action, in the nature of replevin, to recover possession of the property or to determine the title to it. § 733.607, Fla. Stat. (1987).
Property in the decedent’s home, however, is not necessarily the property of the decedent. The copersonal representatives overlook the language within the exemption statute which provides that exempt property is merely “a share of the estate of the decedent.” § 732.401(1), Fla. Stat. (1987). Moreover, “exempt property” is defined for general purposes of the probate code as “property of a decedent’s estate which is described in s. 732.402.” § 731.201(13), Fla.Stat. (1987). An estate includes only “property of a decedent that is the subject of administration.” § 731.201(12), Fla.Stat. (1987). Under the exemption statute, the decedent’s death does not transform the personal property of others into estate property. Section 732.402 is not intended to, and does not, deprive the surviving family members or third parties of their existing rights to personal property within the decedent’s home at the time of the decedent’s death.
If a personal representative seeks legal possession of property which had been in the decedent’s usual place of abode at the time of death, and the property is (1) not *210 controlled by the personal representative, and (2) claimed by a family member or third party, the personal representative may maintain an action to recover the property. The estate, however, must allege and prove that the property was property of the decedent that is the subject of administration.
Affirmed.
DANAHY, A.C.J., and PARKER, J., concur.

. § 732.402(3), Fla.Stat. (1987).

. § 732.402(6), Fla.Stat. (1987).